## COURT OF APPEALS.

CASHTON R. GILBERT and others agt. WILLIAM GILBERT.

The provisions of the Revised Statutes (3 *R. S. p.* 15, § 51, &c.), must be construed as abolishing all trusts in land paid by one person, when the conveyance is given to another, whether for the benefit of the party paying the money, or for another, except where the conveyance is so taken without the knowledge or assent of the party whose money is so used, and excepting also the trust in favor of creditors. These provisions of the statute vest the title to the property in the alienee.

*March*, 1864.
APPEAL from judgment at general term.

INGRAHAM, J. Whether or not the money was paid by the father upon the condition that the title to the property was to be taken by the defendant in trust, to be conveyed to the plaintiffs after the death of the father, is by no means clear from the evidence. The defendant denies the agreement as positively as the witness Matthews, affirms it. The referee has found that such agreement was made, and the only question for us to decide is, whether such a trust by parol can be enforced. I understand the statute as applying to all trusts of that character, viz : Where the title is taken by one person, and the consideration is paid by another, whether the trust is intended to be for the benefit of the person paying the money, or of a third person. The 51st section (3 *R. S*

15) provides where a grant shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as the alienee in such conveyance; and the 52d section provides for the protection of creditors, where the fraudulent intent in taking such conveyance is not disapproved.

The effect of this statute, so far it relates to any interest in the person paying the money, was fully examined in this court by Comstock, J., in *Garfield* agt. *Hatmaker* (15 *N. Y.* 475), in which it was distinctly held that no estate, either legal or equitable, remained in the person paying the money; and that the creditor of such person could not, by a sale under a judgment and execution, obtain any interest or estate in the property so conveyed, but that there was only a pure trust in favor of a creditor, to be enforced only in equity.

In *Sieman* agt. *Austin* (33 *Barb.* 9), a different construction was put upon the 51st section, Emott, J., holding that it did not apply to cases where the trust was not for the benefit of the person paying the money. That case is now before this court for review, and it appears that the grantee voluntarily carried out the agreement by conveying the property to the person for whom it was intended. It was not necessary to the decision of that case to inquire whether there was any trust that could be enforced.

It is urged that this section does not apply to a case where the estate is taken for the benefit of a third person, other than the person paying the consideration money. There might be force in the suggestion, if the section only declared there should be no trust in favor of such person; but it goes further, and declares also that in such case the title shall vest in the person named as the alienee in the conveyance.

Had it been intended to exclude from the operation of this section, cases of trust for the benefit of third persons, there would have been no necessity for the 53d section, to protect the case of persons where the alienee, in violation of some

trust, shall have purchased lands so conveyed with moneys belonging to another.

These provisions of the statute vest the title to the property in the alienee. They must be construed as abolishing all trusts in land paid for by one person, where the conveyance is given to another, whether for the benefit of the party paying the money, or for another, excepting where the conveyance is so taken without the knowledge or assent of the party whose money is so used, and excepting also the trust in favor of creditors.

I concur in the views expressed in the court below, and do not deem it necessary to add any thing further thereto.

Judgment affirmed.