GEORGE W. EVERETT, Respondent, *v.* PHEBE EVERETT, Appellant.

When one purchases land, and at his request the same is deeded to another, although the purchaser receives and retains the deed, without disclosing the existence thereof to the grantee, and takes and retains possession of the land, yet by the deed the title passes and becomes vested in the grantee, and under the prohibitions of the statute of uses and trusts (1 R. S., 728, § 51) no trust results in favor of the purchaser.

(Argued September 22d, 1871; decided January term, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial district, reversing an order denying a new trial and setting aside a verdict in favor of defendant, and granting a new trial.

This is an action of ejectment to recover two pieces of land in the town of Middletown, Orange county. As to the first one, termed the Armstrong lot, no questions are here presented. The controversy arises upon the lot called the Vail lot. This lot was the property of one Lewis Vail, who in the early part of the year 1838 made a bargain with Walter Everett, to sell him a larger lot, of which this was a part. On the first of April, 1838, Everett received a deed of a portion of the premises, and by his request Mr. Vail made a deed of another portion thereof, being that now in dispute, to Walter Collins Everett, a son of the said Walter. This deed was taken by the father and retained in his possession for some time. There was conflicting testimony on the question whether the deed was ever delivered to Collins. Collins died in January, 1842, having previously made a will, in which he gave all his real estate to his father for life, and authorized its sale by his executor after his father's death. The father died in July, 1848, after which the premises were sold, and in June, 1864, they were conveyed by the executor of Collins to the plaintiff. The plaintiff claims that by the pro-

ceedings in 1838 the title to the lot became vested in Collins, and bases his title upon such ownership.

The deed from Vail to Collins Everett was never put on record; and after the death of Collins, in 1842, his father destroyed the deed and obtained another deed from Vail to Lewis Hudson Everett. Hudson Everett, in 1845, conveyed the premises to Walter Everett, who died in July, 1848. He left a will by which he devised these premises to his widow, Phebe Everett, the present defendant, during her life. The plaintiff demanded the possession from the defendant, and upon her refusal commenced the present action. The judgment was for the defendant at the Circuit. The further facts necessary to be understood are stated in the opinion.

*Amasa J. Parker* for the appellant. The order of General Term does not state that a new trial was ordered on the facts. Therefore the reversal must be deemed to be on the law only. (*Borst* v. *Spelman*, 4 N. Y., 284; *Weston* v. *Genesee Mu. Ins. Co.*, 12 id., 258; *Newton* v. *Brewster*, 13 id., 587; *Baldwin* v. *Van Deusen*, 37 id., 457.) Under the circumstances the new deed would be upheld in equity, and Walter C. would not have been permitted to question its validity. (*Dennison* v. *Ely*, 1 Barb. S. C. R., 610; *Jackson* v. *Matsdorf*, 11 John. R., 91.) The case last cited is in point on all the questions made in this case. (2 Wash. on Real Prop., 604–616.) The first deed not having been delivered, no interest passed to the grantee. (*Jackson* v. *Matsdorf*, 11 J., 95.) Walter C. or his successors, by seeking to avail themselves of the deed, affirm the debt to Walter for the purchase-price. This and the holding the deed make Walter and his successors equitable mortgagees. (*Rockwell* v. *Hobby*, 2 Sand. Ch., 9.) Being mortgagees in possession, ejectment cannot be maintained. (*St. John* v. *Bumpstead*, 17 Bar., 100; *Randall* v. *Roab*, 2 Abb., 300.)

*D. F. Gedney* for the respondent. Delivery of a deed is either absolute or in escrow, and it is the act of the grantor.

(4 Kent's Com., 544 [454], etc.; *Warrall* v. *Munn & Prall,* 5 N. Y. R., 229; *Braman* v. *Bingham,* 26 N. Y. R., 490–493; *People* v. *Bostwick et al.,* 32 N. Y. R., 447, 448.) The delivery of this deed was absolute. (Folios 69, 70, 71, 72, 73, 76, 77, 88, 308, 309; Willard on Real Estate, 384; *Braman* v. *Bingham,* 26 N. Y. R., 488, 490, 493; *The Lady Superior, etc.,* v. *McNamara,* 3 Bar. Ch. R., 375, 379; 5 N. Y. R., 229, 238.) Delivery to a third party for the grantee, is all that is necessary to constitute delivery; and the conveyance being beneficial to the grantee, his assent is presumed. (*Church* v. *Gilman,* 15 Wend. R., 656; Willard on Real Estate, 384, 385, and cases; 4 Kent's Com., 545 [455], 546, 547, note *a,* 10th ed.; 12 Johnson's R., 536; *People* v. *Bostwick et al.,* 32 N. Y. R., 447, 448, 449; 3 Bar. Ch. R., 379; 5 N. Y., 229; 26 N. Y., 490, 493.) The title passed from Vail; it was not in Walter, it must have been in Collins. (4 Kent Com., 546, note *a,* 10th ed., chap. 3, 285; *Thompson* v. *Leach,* 2 Vert., 198; *Poe* v. *Knight,* 5 B. & C., 671; 1 R. S., 728, § 57; *Garfield* v. *Hatmaker,* 15 N. Y., 475.) Neither Walter nor his successors can make adverse title. (*Jackson* v. *Davis,* 5 Cow., 129; 4 J., 230.) No adverse possession can be judicated on a void title. (*Livingston* v. *Penn. Iron Co.,* 9 Wend., 511; *Crary* v. *Goodman,* 22 N. Y., 589, 605.) That the verdict was against evidence is a question not reviewable here. (*Macy* v. *Wheeler,* 30 N. Y., 237; *East River Bank* v. *Kennedy,* 4 Keys, 283; *Folger* v. *Fitzhugh,* 41 N. Y., 228.)

LEONARD, C. The title of the "Vail lot," as it is called, cannot have been in abeyance. It vested in some person upon the execution of the deed of Lewis Vail to Walter C. Everett — clearly the title no longer remained in Vail. The execution and delivery of his said deed, although the grantee was ignorant of its existence, had the effect of divesting him of the title. It was so intended by him as well as by Walter Everett, the father, who paid the consideration money, received the deed and managed the whole transaction of the

purchase. There are none of the elements of an abeyance, or suspension of the title. No estate in remainder or reversion is limited upon a prior estate. The conveyance is absolute in its terms.

There is no attempt by counsel to treat it as in abeyance; but it is said to have been vested in Walter C. Everett (called in the testimony "Collins Everett"), in trust, or that the deed was taken in his name, and held by his father as security for the payment of the consideration. I am unable to find any evidence of such a purpose. Walter, the father, never disclosed to his son Collins that he had taken the title in his name, or that he expected him to pay for it; nor did Collins ever speak to his father about it. The jury have found that the deed was never delivered to Collins. They were instructed that the plaintiff was entitled to recover, if they found that the deed had been delivered to Collins Everett, and having rendered their verdict for the defendant as to this lot, we must assume that the deed was never so delivered. Clearly no liability existed for the consideration or price of this lot on the part of Collins Everett. He had promised nothing in regard to it. The cases in which title deeds have been held to amount to an equitable mortgage, when delivered to or placed in the possession of a third party, is where there was some debt or obligation to be secured, and where they were delivered for that purpose, or for the purpose of preparing a mortgage or security from them which had not, for some reason, been consummated in the form intended. There is no such element in this case. If the retaining of the deed from Vail by Walter, the father, was as security at all, it must be as security for something in harmony with the facts, something that did not require, as in the case of a mortgage, the consent or concurrence of Collins, the son. He may have designed to retain the possession of the land until some future day, and for that reason did not communicate the fact, and privately retained the deed. He did retain the possession, and the course he pursued would secure the continuance of the possession, without any interruption from the grantee

named in the deed or his creditors, so long as the secret was maintained.

This is not the case of a deed executed by the father to the son, and afterward retained without delivery. Such deeds have been held, in numerous instances, not to have passed any title to the grantee, because there was no delivery. The grantor retains the title until he has delivered his deed. But here the deed is perfect; and the delivery is absolute as against the grantor. The title could not pass to Walter, the father, for he was not named in the conveyance. He paid the consideration, and received from Vail a deed to his son, with a design. He knew, or at least should be assumed to have known, that, at some period in the then future, the fact would be no longer a secret. Perhaps he expected his son to survive him, in the ordinary course of nature, and take possession at his death. This is more strongly probable than it is that he intended a security or trust in his own favor. He never asked his son to reconvey; and it was not till the disputes after the death of Collins that he destroyed the deed to him, and obtained a new one from Vail. It was then too late to alter his intentions. He could not change the alienee in that way, nor administer justice according to his own notions so summarily.

Can the deed to Collins be regarded, under the peculiar facts of this case, as a trust? After the most careful examination of the argument of the learned counsel for the defendant, and the authorities cited, I find myself drawn to a negative answer. The statute forbids. Of course, there is no express trust. It must be a resulting or implied trust, if any, derived from the payment of the consideration, and the retaining of the deed by the father.

The statute is very definite in its terms, and precisely covers the facts of the case. It is in these words: "Where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person

named as the alienee in such conveyance, subject only to the provisions of the next section." (1 R. S., 728, § 51.)

The next section declares such conveyance presumptively fraudulent as to the creditors, at that time, of the person paying the consideration. It is said that this is a rule only as between the grantor and grantee; but there is no such limitation in the statute, and the contrary rule has been held by the Court of Appeals in *Garfield* v. *Hatmaker* (15 N. Y., 475).

We are particularly referred to the case of *Jackson* v. *Matsdorf* (11 Johns., 91), as authority for the appellant. That case occurred before the adoption of the Revised Statutes, which, as held by the leading opinion of Judge COMSTOCK, in 15 N. Y., 475 (*supra*), has made such a sweeping alteration in the law of uses and trusts that it has wholly subverted the former rules as to a resulting trust in favor of the party paying the consideration, under which it was also formerly held that the interest of such party could be seized and sold as a legal estate on execution against him. This result arose, says that able judge, from the relation between the grantee and the person paying the purchase-money, but is entirely overthrown by the present statute of uses and trusts. There is a pure trust in favor of the creditor, which he can enforce only in equity. "The person paying the consideration money must take the conveyance to himself, or he can have no legal or equitable interest in the land." (Page 478.)

Section 51, cited above, was contained in the Revised Laws of 1813; but section 45 of the Revised Statutes, abolishing uses and trusts, except as authorized and modified in the article which contains the sections referred to, was adopted in 1830.

In the case cited from 11 Johnson, the court appear to be uncertain as to placing their judgment upon the doctrine of a resulting trust, even in that day, and finally hold that the title of the person who paid the consideration in that case was good, by reason of his uninterrupted possession for forty years. It is worthy of observation that the plaintiff's lessor in that case obtained his conveyance with full knowledge that the

deed to his grantor had been taken with the intention of having the title held for the benefit of the person who paid the consideration.

The principle of a resulting trust in favor of the person paying the purchase-money was fully adopted in that case, and is as fully repudiated in 1 Revised Statutes (§ 51, p. 728), and in 15 New York, p. 475 (*supra*).

In my opinion, we must follow the latter authority. The judge at the circuit charged, in this case, that no title passed to Collins Everett by the deed to him, unless it was delivered to him. This was an error.

The question, whether there was an adverse possession by the defendant, so as to render the deed to the plaintiff void, is not before us. The case is here on appeal by the defendant from an order granting a new trial on account of exceptions taken by the plaintiff. If any error occurred at the trial affecting the case on the part of the plaintiff, which was distinctly pointed out and excepted to on his part, as it appears. in this case that there did, the necessary result is, that there must be a new trial, unless, upon the whole case, judgment ought to have been rendered for the defendant.

The General Term granted a new trial for errors occurring at the circuit. The defendant appealed, stipulating that judgment absolute be rendered, in case the order appealed from be affirmed. The appeal brings up only the errors complained of by the plaintiff; and those having been considered material, the order so appealed from must be affirmed, with an absolute judgment against the defendant.

If the defendant wished to bring up errors which had been committed affecting her case, she ought to have submitted to a new trial; and if the errors had been then repeated, and the whole case resulted adversely to her on such new trial, she could make a new case or exceptions, and bring up the subject by appeal. But she is now precluded from arguing those questions, because it is not her exceptions, but those of the plaintiff, that have been brought here by the present case or exceptions and the appeal.

The order appealed from must be affirmed, with costs, and judgment absolute rendered against the defendant on her stipulation.

All concur.

Judgment accordingly.