## SPICER v. AYERS, appellant.

*Fraudulent conveyance. Demurrer. Implied trust. Equitable action.*

Plaintiffs, in their complaint, stated that A was, in his life-time, indebted to them, that he caused to be conveyed to defendant, his wife, real estate paid for by him, and conveyed to her, through a third person, other real estate owned by him, and afterward, at his own expense, improved said estate ; that the conveyances were made and accepted with the intent to defraud A's creditors, and that A died insolvent, and defendant was appointed his administratrix, and had no personal property of deceased to pay plaintiffs' debt, and that deceased left no other real estate, and asked that the conveyances be set aside, and plaintiffs' debt be charged upon said real estate. *Held,* that the complaint contained sufficient facts to constitute a cause of action, and a demurrer, upon the ground that it did not, would not lie.

*Held,* also, that the conveyance to defendant of the lands paid for by A created a trust in favor of the creditors of A, and an equity action would lie (1 R. S. 747, §§ 51, 52) to enforce that trust.

*Held,* also, that defendant being both the administratrix of the deceased, and the party holding the fraudulent title, and the estate being insolvent, a creditor at large could maintain an action in equity for relief.

APPEAL from an order of the special term overruling demurrer to plaintiffs' complaint.

Plaintiffs, John E. Spicer and John D. Spicer, brought action as creditors at large of William H. Ayers, deceased, alleging an indebtedness, in his life-time, to them ; that he caused certain real estate paid for by him to be conveyed to his wife, Mary Francis Ayers, the defendant ; that he conveyed certain other real estate, through a third party, to his wife ; that he improved such real estate at great cost, after such conveyances, at his own expense ; that such conveyances were made and accepted for the purpose of hin-

dering, delaying and defrauding the creditors of said W. H. Ayers; that he afterward died insolvent; that defendant was appointed his administratrix, but has no personal assets to pay plaintiffs' debt of $1,900, or any part thereof, and that deceased left no other real estate than that described in the complaint. Relief was asked that such conveyances be set aside and that plaintiffs' debt be charged upon the said real estate, and paid therefrom.

The special term, upon demurrer to said complaint, as not stating a cause of action, overruled the same, and sustained the complaint.

*James Lansing*, for appellant, cited *McElwain* v. *Willis*, 9 Wend. 548; *Brinkerhoff* v. *Brown*, 4 Johns. Ch. 671; *Crippen* v. *Hudson*, 13 N. Y. 161; *Reubens* v. *Joel*, id. 488; *Dunlevy* v. *Tallmadge*, 32 id. 457; *Chautauqua Bank* v. *White*, 6 id. 252; *Ocean National Bank* v. *Olcott*, 46 id. 20; *Payne* v. *Sheldon*, 63 Barb. 170; *Bate* v. *Graham*, 11 N. Y. 237; *Thurber* v. *Blanck*, 50 id. 83; *Durant* v. *Supervisors of Albany*, 26 Wend. 106; *Willets* v. *Vandenburgh*, 34 Barb. 424; *Beck* v. *Burdett*, 1 Paige, 305.

*E. Cowen*, for respondent.

BOARDMAN, J. The complaint may be sustained upon two distinct grounds.

When a grant of land is made to one person and the consideration therefor is paid by another, no interest, legal or equitable, vests in the person paying the consideration, but a pure trust results to the creditors of the person paying therefor as against the grantee, which can only be enforced in equity. 1 R. S. 747 (*of uses and trusts*), §§ 51, 52.

As to a portion of lands described in the complaint this statute applies, and hence the plaintiff's only remedy was in equity to establish the trust. *Garfield* v. *Hatmaker*, 15 N. Y. 475; *Brewster* v. *Power*, 10 Paige, 562; *McCartney* v. *Bostwick*, 32 N. Y. 53.

In that view the demurrer was not well taken.

But it is claimed by the defendant that a creditor at large can never bring an action in equity to enforce or procure the payment of his debt. That is most true of a creditor's bill under the statutes, 2 R. S. 173. That remedy is given by statute through equity in aid of courts of law. It presupposes proceedings at law which would afford an adequate remedy but for some obstruction placed

in the way. To remove such obstruction was the object of the remedy.

Besides these statutory creditors' suits, and before as well as since the passage of that statute, there has existed another class of creditors' suits not depending upon the statute, but upon principles inherent in equity jurisdiction, such as suits brought to administer assets, to reach property fraudulently transferred, to avoid circuity or multiplicity of actions, etc.

Under such authority, I apprehend, this complaint can be sustained as a whole. There are all of the elements in this case that give jurisdiction to equity, inability to get any relief at law, fraud, collusion between the debtor, now dead, and the defendant who holds title to the property fraudulently, and at the same time is the administratrix of the deceased. There are many English cases where the representative of the deceased debtor and the third party holding the fraudulent title to property are joined as defendants. It is held they may be so sued by a creditor at large when the estate is insolvent or there is collusion between the administrator and third person. *Gedge* v. *Traill*, 1 Russ. & Myl. 381 ; *Burrough* v. *Elton*, 11 Ves. 29. To the same effect is *Long* v. *Majestre*, 1 Johns. Ch. 306. The jurisdiction of equity in the class of cases spoken of is also recognized in *Chautauqua County Bank* v. *White*, 6 N. Y. 236, 252 ; *McCartney* v. *Bostwick*, 32 id. 53, 60, 62.

By reference to the above authorities and to the cases of *Lawton* v. *Levy*, 2 Edw. Ch. 199 ; *Hagan* v. *Walker*, 14 How. (U. S.) 29, and *Loomis* v. *Tifft*, 16 Barb. 541, it is quite evident this action may be maintained, and that a cause of action is set forth in the complaint. As the demurrer is pointed to the cause of action only, it cannot be made available in case of a defect of parties plaintiff or defendant. The plaintiffs being creditors entitled to prosecute such an action, and the defendant being the fraudulent owner of the title sought to be reached, enough appears. Any defect of parties apparent upon the record might be met by a demurrer. As it has not been done in this case it need not be considered.

For the reasons stated the order of the special term overruling the demurrer should be affirmed with $10 costs of appeal to the plaintiff, with leave to the defendant, within twenty days after notice of this decision, to serve an answer upon payment of costs of demurrer and of this appeal.

*Order affirmed.*