### DENNING *v.* KANE.

*(Supreme Court, Special Term, New York County. October 28, 1889.)*

1. TRUSTS—RESULTING TRUSTS—LEASE.
  Under Rev. St. N. Y. (7th Ed.) p. 2181, § 51, which provides that where a grant for a valuable consideration shall be made to one person, and the consideration shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, no trust will result in favor of a person who contributes the money with which a lease is purchased for a third person.

2. EQUITY—JURISDICTION—PLEADING.
  Though no trust results, equity will relieve on the ground of fraud, and a complaint is sufficient which avers that plaintiff spent a large sum of money in improving the premises, and that "defendant took the assignment of the lease in trust for the plaintiff, well knowing not only that the moneys expended in procuring the lease, but those for the erection and construction of the buildings, belonged to her."

Action by Jane Denning against Matthew Kane. Defendant demurs to the complaint.

*Edward Jacobs,* for plaintiff.      *Kelly & MacRae,* for defendant.

LAWRENCE, J. The claim that the provisions of the Revised Statutes relating to uses and trusts do not apply to the assignment of the lease referred to in the complaint cannot, in my opinion, be sustained. The object of this action is to obtain a decree from this court declaring the leasehold property to be held in trust by the defendant for the benefit of the plaintiff, and that said defendant may be adjudged and required to assign and transfer the same, and all right of renewal thereof, to her; that the defendant may be required to account to the plaintiff for the rents, income, and profits; that a receiver may be appointed; and that the defendant may be obliged and adjudged to pay

whatever sum may be found due, etc. To entitle the plaintiff to the relief which she seeks, it must therefore be held that, by reason of the payment of the moneys in the purchase of the lease, a trust resulted in the plaintiff's favor, which this court should enforce. In determining this question, it will be necessary to bear in mind the exact provisions of sections 45, 47, 49, 51, 52, art. 2, tit. 2, c. 1, pt. 2, Rev. St., (7th Ed. pp. 2180, 2181.) Those sections are as follows: "Sec. 45. Uses and trusts, except as authorized and modified in this article, are abolished; and every estate and interest in lands shall be deemed a legal right, cognizable as such in the courts of law, except when otherwise provided in this chapter." "Sec. 47. Every person who, by virtue of any grant, assignment, or devise, now is, or hereafter shall be, entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or in equity, shall be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficial interest." "Sec. 49. Every disposition of lands, whether by deed or devise, hereinafter made, shall be directly to the person in whom the right to the possession and profits shall be intended to be invested. and not to any other, to the use of, or in trust for, such person; and if made to one or more persons, to the use of, or in trust for, another, no estate or interest, legal or equitable, shall vest in the trustee." "Sec. 51. Where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section. Sec. 52. Every such conveyance shall be presumed fraudulent, as against the creditors, at that time, of the person paying the consideration; and, where a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands."

It seems clear that the fifty-first section of the statute prevents any trust from resulting in favor of the plaintiff by reason of her having contributed the moneys which were used in the purchase of the lease from Mrs. Moore. *Garfield* v. *Hatmaker*, 15 N. Y. 475; *Everett* v. *Everett*, 48 N. Y. 223; *McCartney* v. *Bostwick*, 32 N. Y. 59. It is said by the learned counsel for the plaintiff that the provisions of the Revised Statutes above set forth do not apply to this case, because a lease is a chattel real, and therefore personal property. It was held, however, by the chancellor, in the case of *Ostrander* v. *Livingston*, 3 Barb. Ch. 426, in a case in which the subject of the controversy was leasehold property, that section 51 of the statute did prevent a trust resulting in favor of a party who had paid the consideration for the assignment of a lease to a third party. It has also frequently been held that, although a lease is a chattel real, the lessee takes an interest or estate in the land demised. *Averill* v. *Taylor*, 8 N. Y. 51-54; *Clarkson* v. *Skidmore*, 46 N. Y. 302; *Burr* v. *Stenton*, 43 N. Y. 465. If the tenant under a lease has an estate in the land, as decided in the cases cited, it is difficult to see why the statute relating to trusts (sections 45-51) does not apply to this case.

But, assuming them to be applicable, can this complaint be sustained on the ground that it is averred that the plaintiff spent a large sum of money in improving the premises while they were in possession of her husband; it being further averred that the defendant took the assignment of the lease in trust for the plaintiff, well knowing not only that the moneys expended in procuring the lease, but those for the erection and construction of the buildings, belonged to her. It has been held that a trust in respect to real estate may be established by parol evidence. *Swinburne* v. *Swinburne*, 28 N. Y. 568; *Lounsbury* v. *Purdy*, 18 N. Y. 515. These cases, when read in connection with the case of *Wheeler* v. *Reynolds*, hereinafter referred to, I think are sufficient to show that a good cause of action is stated upon the face of the

complaint. Although it is not specifically alleged that the defendant has been guilty of a fraud in respect of the plaintiff's rights, if the facts conceded to be true by the demurrer exist, there is sufficient on the face of the complaint to sustain a charge of fraud, and to bring the case within the well-established principles of equity which are referred to by EARL, J., in delivering the opinion of the court in *Wheeler* v. *Reynolds,* 66 N. Y. 236. The learned judge says at pages 236 and 237: "It is a mistake to suppose that parol agreements relating to lands are any more valid in equity than at law; they are always and everywhere invalid. But courts of equity have general jurisdiction to relieve against frauds, and where a parol agreement relating to lands has been so far partly performed that it would be a fraud upon the party doing the acts unless the agreement should be performed by the other party, the court will relieve against this fraud, and apply the remedy by enforcing the agreement. · It is not the parol agreement which lies at the foundation of the jurisdiction in such a case, but the fraud. So in reference to parol trusts in lands. They are invalid in equity as well as in law. But in cases of fraud courts of equity will sometimes imply a trust, and will treat the perpetrator of the fraud as a trustee, *ex maleficio,* for the purpose of administering a remedy against the fraud. For the same purpose it will take the trust which the parties have attempted to create, and enforce it; and in such a case the fraud, not the parol agreement, gives the jurisdiction." The doctrine declared in that case, when applied to this case, seems to me to sustain the cause of action stated in the complaint.

A question was raised upon the argument as to whether it sufficiently appeared upon the face of the complaint that the agreement therein referred to was in writing. If the view which I have taken of the decision of the court of appeals, just cited, is correct, it is unnecessary to discuss that question; but it has frequently been held that in an action upon a contract, required by the statute of frauds to be in writing, it is not necessary to allege in the complaint that it is in writting. *Marston* v. *Swett,* 66 N. Y. 206. For the purposes of the complaint this will be presumed, and unless the contract is denied in the answer, or alleged to be void, because not in writing, the statute furnishes no defense. The demurrer, of course, concedes the facts stated in the complaint, and in this discussion the question of the form of the agreement whether oral or in writing, cannot, therefore, arise. I am therefore of the opinion that the plaintiff is entitled to judgment overruling the demurrer, with leave to the defendant to answer over on payment of costs.