## McCORMICK v. WILDER et al.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

FRAUDULENT CONVEYANCE—TRUSTS—SUFFICIENCY OF EVIDENCE.

Laws 1896, c. 547, provides that a grant of real property for a valuable consideration to one person, the consideration being paid by another, shall be considered fraudulent as to the creditors of the latter, and will create a trust in their favor, unless the fraudulent intent is disproved. The evidence in a suit to enforce a trust against property conveyed to the wife of the debtor, but largely paid for by the latter, showed that he was indebted to the claimant at the time of the purchase, but was solvent at such time, and that plaintiff was afterwards paid a portion of his claim, and that the debtor became insolvent through future speculations. There was no evidence to show an actual intent to defraud. *Held* to sufficiently disprove fraudulent intent to authorize a judgment for. defendant.

Appeal from special term, Orange county.

Action by James McCormick against Victor A. Wilder and another. From a judgment dismissing the complaint, the plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Henry D. Hotchkiss, for appellant.
Henry Bacon (John J. Beattie and Joseph Merritt, on the brief), for respondents.

HIRSCHBERG, J. The plaintiff sues in order to obtain an adjudication declaring certain real estate belonging to the defendant Lillian M. Wilder subject to a trust for his benefit to the extent of a judgment which he holds against her husband, the defendant Victor A. Wilder. The plaintiff sold pictures to Victor A. Wilder in 1891, and in 1897 recovered a judgment against him for the purchase price, amounting, with interest and costs, to the sum

of $11,188.04. After the sale, and, of course, during the existence of the indebtedness, Mrs. Wilder acquired, and still holds, the legal title to two parcels of land in Orange county. The consideration of one piece was $15,000, of which her husband paid $7,000 in cash; she securing the balance by the execution and delivery of her bonds and mortgages. The consideration of the other purchase was $5,500, of which her husband paid $3,500 in cash, and the remainder was secured by Mrs. Wilder's bond and mortgage. Thereafter the property, occupied by the defendants as their home, was extensively improved; the expenses attendant upon the improvements being all defrayed by the husband. Mr. Wilder long afterwards became insolvent because of the failure of large enterprises in which he was embarked, and the plaintiff has been unable to collect his judgment. He claims that by virtue of sections 51, 52, p. 728, 1 Rev. St., reenacted in section 74 of the real property law (chapter 547, Laws 1896), a creditor's trust in this real estate results to him, to the extent necessary to satisfy his demand. The following are the provisions of the prior law:

"Sec. 51. Where a grant for a valuable consideration shall be made to one person and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section.

"Sec. 52. Every such conveyance shall be presumed fraudulent as against the creditors at that time, of the person paying the consideration; and when a fraudulent intent is not disproved, a trust shall result in favor of such creditors to the extent that may be necessary to satisfy their just demands."

The provisions of section 74 of the real property law, so far as they bear upon the case, are in substantially the same words, viz.:

"A grant of real property for a valuable consideration, to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, at that time, of the person paying the consideration, and, unless a fraudulent intent is disproved, a trust results in favor of such creditors, to an extent necessary to satisfy their just demands."

The respondents contend that, inasmuch as a part only of the consideration was paid by the husband, the rule in relation to a resulting trust in favor of the person making such part payment should apply to his creditors, and that such trust accordingly fails where the whole consideration has not been paid. Garfield v. Hatmaker, 15 N. Y. 475; Niver v. Crane, 98 N. Y. 40; Schierloh v. Schierloh, 148 N. Y. 103, 42 N. E. 409; White v. Carpenter, 2 Paige, Ch. 217; Sayre v. Townsend, 15 Wend. 647. Without determining that question, we find no difficulty in disposing of the case upon the main question involved, viz. the question whether or not the defendants have disproved a fraudulent intent.

The learned trial justice has found as a fact "that any presumption of fraud which might have arisen from the payment of so much of the consideration for the conveyance of said property to the defendant Lillian M. Wilder by the defendant Victor A. Wilder has been fully overcome, rebutted, and refuted by the defendants herein, and that there was no intent or purpose to hinder, delay, or defraud the plaintiff or any creditor of Victor A. Wilder, the making of such

payment by the said Victor A. Wilder, and the conveying of said lands to the defendant Lillian M. Wilder." An examination of the evidence reveals the fact not only that this finding is abundantly supported, but that no other could well have been reached. Without going into details, it is sufficient to say that Mr. Wilder was possessed of abundant means and was entirely solvent at the time of the payments in question; that he paid to the plaintiff, long after the sales for which the judgment was obtained, upward of $12,000 for pictures purchased from him; that the plaintiff's claim was resisted in the apparently honest belief that the indebtedness had been in fact discharged; that no other indebtedness exists against Mr. Wilder, excepting those arising from the speculations which have resulted in his bankruptcy; and that the evidence in the case not only proves affirmatively that Mr. Wilder was free from any actual intent to defraud the plaintiff, but that there are no circumstances established tending to warrant the suggestion of a legal fraud, or such as might possibly be predicated where extravagance in expenditure accompanies a precarious financial condition.

The judgment should be affirmed, upon the law and facts. All concur.