RUFUS GOULD, Appellant, *v.* HARRIET A. GOULD, Respondent.

*Conveyance of land, purchased by a husband, from a third person, to his wife—no trust results in his favor —1 R. S., sec. 53, p. 728.*

In an action, brought by the plaintiff to compel the defendant, his wife, to convey to him the title to certain premises which had been conveyed to her by a third party, the consideration money having been paid in advance by the plaintiff, it was stated in the complaint that the premises were conveyed to the defendant, with the consent of the plaintiff; and that at that time and subsequently his wife made an oral promise to convey the premises to him whenever he should request it.

*Held,* that the deed vested in the wife the fee simple to the land, although her husband paid the grantor the consideration money, and that no resulting trust arose out of the transaction in his favor.

That, as it was not asserted by the plaintiff that his wife violated any trust in procuring the deed, or in any manner deceived or defrauded him in the transaction, no case was made within the exception of section 53 of 1 Revised Statutes, page 728.

That the promise of the wife to reconvey the premises to her husband was not binding on her either at law or in equity, and that any attempt to enforce the promise by judicial decree would be in defiance of the provisions of the statute of frauds.

APPEAL from a judgment, entered on the decision of the Monroe Special Term, in the office of the clerk of that county on the 14th day of December, 1886, dismissing the plaintiff's complaint upon the merits.

The respondent is the wife of the appellant and their marriage took place prior to the transactions involved in this action. The object of the suit is to compel the respondent to convey to the appellant the title to certain premises conveyed to her by a third party, the consideration money being paid in advance by the appellant. It is stated in the complaint that the premises were conveyed to the defendant, with the consent of the plaintiff, who bases his demand for relief upon the fact asserted by him that at that time, and subsequently, his wife made an oral promise to convey the premises to him whenever he should request it. All the evidence as to what the transaction in fact was, and the circumstances connected with it, is in the plaintiff's own evidence, who testified, substantially, that at the time the deed was made out and delivered he had a talk with his wife, and the language which he used in giving his testimony is as follows; viz. : "I had a little talk before I went up to get the papers made out, in regard to the title ; I said I could have it made out in her name, and, of course, she would convey it to me at any time ; she was present; * * * paid the other forty dollars the day the papers were made out; it was my money. * * * Q. What was said by your wife on the subject of conveying the property to you afterwards ? A. She agreed at different times to deed it to me. Q. What was said at the time the deed was made to her ? A. I don't think there was a word mentioned to anybody in any shape or any manner in the squire's office at the time the

deed was made to her; we had a talk before we started to go over there. Q. What talk did you have with your wife before the deed was made about having the property deeded back to you some time? A. I said you can have the papers drawn to you and you will make it to me any time; she was satisfied; she said yes; all right."

The full consideration for the premises was $500. After the conveyance was made to the defendant they were leased and managed by the plaintiff, and he testified that he improved the property by erecting buildings thereon, at the cost of $2,000. In 1881 the parties separated and have not lived together since. Upon this evidence the plaintiff rested, and on the defendant's motion the plaintiff's complaint was dismissed, with costs.

*William E. Edmonds,* for the appellant.

*Raines Brothers,* for the respondent.

BARKER, P. J.:

The plaintiff admits in his complaint, as he also states in his evidence, that the premises were deeded to his wife with his consent. This vested in her the fee simple to the land, although her husband paid the grantor the consideration money. No resulting trust arises out of the transaction in his favor. The rule of the common law has been abrogated by our statute relative to uses and trusts, which declares: "Where a grant for a valuable consideration shall be made to one person, and the consideration thereof shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as alienee in such conveyance." (1 R. S., § 51, m. p. 728.) It is not asserted by the plaintiff that his wife violated any trust in procuring the deed, or in any manner deceived or defrauded him in the transaction so as to make a case within the exception to the provisions of the said section as provided in section 53. (*Garfield* v. *Hatmaker,* 15 N. Y., 475; *Everett* v. *Everett,* 48 id., 218; *Norton* v. *Stone,* 8 Paige, 222.) The plaintiff voluntarily made improvements on the land without exacting any promise from his wife that she would reimburse him for the outlay which he made. As between themselves the legal rights of the wife are precisely the same as if her husband had owned the premises when the improve-

ments to the property were made, and he had afterward voluntarily caused the title to be conveyed to her as a gratuity for her support and maintenance. The promise of the wife to reconvey the premises to her husband is not binding on her, either in law or in equity; any attempt to enforce the promise by judicial decree would be in defiance of the provisions of the statute of frauds.

Judgment affirmed, with costs.

BRADLEY and DWIGHT, JJ., concurred; HAIGHT. J., not sitting.

Judgment affirmed, with costs.