SENECA H. GAGE, Appellant, *v.* TIRZAH M. GAGE and Another, Respondents.

*Statute of Uses and Trusts — title taken in the name of one person and the consideration paid by another — the statute may not be invoked to cover a fraud.*

The provisions of section 51 of the Statute of Uses and Trusts, 1 Revised Statutes, 728, have no application to a case where an express trust has been created, or where equities have arisen by the agreement of parties; it only applies to a case in which there exists no express trust or equities, other than the payment of the consideration for the sale of real estate by a person who does not take the title thereto.

A complaint alleged that the plaintiff and one of the defendants were husband and wife, and that they purchased certain real estate, the title to which was taken in the name of the wife, under the express agreement that they should live thereon, work the same, and together pay the purchase price thereof, and after the same had been fully paid, that the wife should deed to her husband, the plaintiff, an undivided one-half interest therein; that pursuant to such agreement the title to such real estate was taken in the name of the wife; that the plaintiff had fully performed such agreement upon his part in working the farm and paying therefor, and that the wife, in pursuance of a conspiracy to deprive the plaintiff of his rights and interests therein, conveyed the real estate to the other defendant, without consideration;

*Held,* that the complaint stated a good cause of action;

That to permit the wife, after full performance on the part of the plaintiff, to violate her agreement, and deprive him of his interest in the land, would be to permit her to invoke the Statute of Uses and Trusts to cover her fraud.

APPEAL by the plaintiff, Seneca H. Gage, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Chautauqua on the 5th day of August, 1894, upon the decision of the court rendered at the Chautauqua Special Term dismissing the plaintiff's complaint.

*George E. Towne,* for the appellant.

*J. G. Record* and *C. A. Dolson,* for the respondents.

HAIGHT, J. :

This action was brought to set aside a conveyance of real estate executed by the defendant Tirzah M. Gage to the defendant Esther C. Sawyer, and for a conveyance of an undivided one-half interest therein to the plaintiff.

The complaint, in substance, alleges that the plaintiff and defendant Tirzah M. Gage were husband and wife; that on the 10th day of January, 1883, they purchased the real estate in question, the title of which was taken in the name of the defendant Tirzah M. under the express agreement that the two should live upon the farm, work the same and together pay the purchase price thereof, and after the same had been fully paid for, the defendant Tirzah M. should deed to the plaintiff an undivided one-half interest therein; that, pursuant to such agreement, the title was taken in the name of Tirzah M., and that the plaintiff had fully performed the agreement upon his part in working the farm and paying therefor; that after it was paid for the defendants conspired together to defeat the plaintiff of his rights and interest in the farm, and in order to do so the defendant Tirzah M. conveyed the same to the defendant Sawyer without any consideration whatever.

The trial court appears to have been of the opinion that the complaint failed to state a cause of action.

Our examination of the case leads to a different conclusion. Section 51 of the Statute of Uses and Trusts (1 R. S. 728) provides that " where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made ; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." The next section has reference to creditors and has no bearing upon the question under consideration. We do not understand the provisions of this statute to have any application to a case where an express trust has been created or where equities have arisen by the agreement of parties, but that it only has reference to a case in which there exists no express trust or equities other than the pay-

ment of the consideration by a person other than the one who takes the title. No trust shall result from that act alone. Bearing in mind this distinction no great conflict will be found in the authorities.

In *Robbins* v. *Robbins* (89 N. Y. 251) it was held that the statute to which we have referred cannot be invoked to cover a fraud; that when the alienee, in accordance with his agreement to hold title to the land for the use and benefit of the real owner, sells the land, as directed by such owner, the trust assumed by the alienee is executed and his duty as trustee is discharged and the purchase money vests at once in the real owner.

In *Carr* v. *Carr* (52 N. Y. 251–261) ALLEN, J., in delivering the opinion of the court, referring to the statute under consideration, says: "This statute can no more be used to perpetrate a fraud or defeat actual equities than can the Statute of Frauds. They both stand, in this respect, upon the same footing. It is true that the purchase money was, in substance and effect, paid by Daniel D. Carr, and the conveyance was made, with his assent, to the plaintiff. Had the case stopped here the plaintiff's claim would be valid, but a part of the purchase money was borrowed of the plaintiff, and the grant was made to him to secure the repayment of that advance, and *under an agreement* that upon its repayment the property should be conveyed to the rightful owner, and the agreement has been acted upon and partially performed by Daniel D. Carr, and it would be a gross fraud to permit the plaintiff now to take shelter behind the Statute of Uses and Trusts and deprive the confiding owner of his just rights. There is something more than a naked grant to one upon the payment of a consideration by another. The claim of the defendant is not of a resulting trust within the statute, but depends upon other and extrinsic equities."

In *Robertson* v. *Sayre* (53 Hun, 490 ; 25 N. Y. St. Repr. 449 ; S. C., 134 N. Y. 97); *Garfield* v. *Hatmaker* (15 id. 475), and *Everett* v. *Everett* (48 id. 218), there does not appear to have been any agreement between the parties creating an actual trust or other equities aside from the bare payment of the consideration money.

The case of *Gould* v. *Gould* (20 N. Y. St. Repr. 674) may be in apparent conflict, but in that case the distinction here pointed out does not appear to have been called to the attention of the court or considered by it. Here, as we have seen, the complaint alleges that

the payment of the consideration money was made by the plaintiff under an express agreement that an undivided one-half of the premises should be conveyed to him as soon as the purchase price was paid, and that it was under this arrangement and agreement that the plaintiff consented to the deeding of the premises to the defendant Tirzah M., and to permit her now, after full performance on the part of plaintiff, to violate her agreement and deprive him of his interest would, in the language of the authority cited, be permitting her to invoke the statute to cover her fraud.

The judgment should be reversed and a new trial ordered, the costs to abide the final award of costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide the final award of costs.