(13 App. Div. 565.)

## GAGE v. GAGE et al.

(Supreme Court, Appellate Division, Fourth Department.    January 27, 1897.)

1. TRUSTS—PAYMENT OF PURCHASE MONEY—PROMISE TO CONVEY.
   Rev. St. p. 728, § 51, providing that where a grant is made to one person, and the consideration is paid by another, no trust shall result, but the title shall vest in the grantee, does not apply where the two persons expressly agree that the title shall be taken in the name of one of them for the benefit of both.

2. APPEAL—HARMLESS ERROR—EVIDENCE SUBSEQUENTLY RECEIVED.
   Error in not permitting a witness to be asked on cross-examination if he had made declarations inconsistent with his testimony is not prejudicial, where proof of the declarations is admitted.

Appeal from special term, Erie county.

Action by Seneca H. Gage against Tirzah M. Gage and Esther Sawyer to enforce a trust in favor of plaintiff in lands purchased by him and defendant Tirzah Gage, and by her fraudulently conveyed to defendant Sawyer. From a judgment entered on a decision of the trial judge in favor of plaintiff, defendants appeal. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Dolson & Dolson, for appellants.

George E. Towne, for respondent.

WARD, J. The complaint in this action alleges: That the plaintiff and the defendant Tirzah M. Gage were husband and wife, and in January, 1883, they entered into an agreement whereby they were to purchase of John Farrell and Nelson Farrell, the owners, a farm of about 80 acres of land, situate in the town of Hanover, Chautauqua county, upon credit; that the defendant Tirzah should take a deed of the premises in her own name, and execute a mortgage for the purchase money, and that then the plaintiff and his wife should go to work and pay for the farm, and when that was done the defendant Tirzah should deed to the plaintiff one-half of the premises so purchased; that the plaintiff should take charge of said farm and work the same. That in pursuance of said agreement the said Farrells deeded the premises to Tirzah for the consideration of $5,600, agreed to be paid therefor, and the said Tirzah executed her mortgage to the Farrells, upon the property, to secure the same. That the plaintiff and his wife entered into possession of the farm, worked the same, improved it, and, by consent of the parties, portions of the farm were sold to different parties, it having advanced in value, and with the proceeds of such sales the mortgage upon the farm was fully paid, leaving about 23 acres thereof unincumbered; the title being in the defendant Tirzah, and the plaintiff then being entitled to a deed from her of one-half of the premises. That on or about the 5th of July, 1893, after the payment of such mortgage, the wife and the defendant Esther C. Sawyer, her sister, conspired together to deprive the plaintiff of his interests and rights in said farm, and, with intent to defraud him and deprive him of his rights therein, the defendant Tirzah executed and delivered to the defendant Saw-

yer a warranty deed of the said remaining part of the farm, without consideration passing between them, and that thereafter the plaintiff was told by the defendant Sawyer that he had no right or interest in the farm, and must leave the same, except that he would consent to work the farm without other compensation than his board. That the plaintiff had demanded of the defendants that they convey to him his one-half interest in the remaining lands. And judgment was demanded that the deed to the defendant Sawyer be declared void and canceled of record, and that Tirzah be required to convey to the plaintiff one-half interest in the remaining land, free from incumbrances. The action has been twice tried. Upon the first trial, upon defendants' motion, the trial court dismissed the complaint before any evidence was given, upon the ground that the complaint set out a resulting trust in favor of the plaintiff, which could not be maintained, under the provisions of the statute against uses and trusts. The judgment that was entered upon this dismissal was reversed by the general term of the Fifth department, reported 83 Hun, at page 362, 31 N. Y. Supp. 903, and a new trial was granted. Upon the second trial the issues between the parties were fully litigated, and the trial court granted the relief to the plaintiff demanded in the complaint, and from the judgment entered upon its decision the present appeal is taken.

The appellants here insist that the transaction comes squarely within the provision of section 51, c. 1, tit. 2, art. 2, pt. 2, of the Revised Statutes, which is as follows:

"Where a grant for a valuable consideration shall have been made to one person and the consideration thereof shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as the alienee in such conveyance subject only to the provisions of the next section."

(The next section is unimportant to be considered here.)

Upon the former appeal the general term decided adversely to this contention, holding, in effect, that the statute quoted had no application to the case; citing authorities sustaining its position, in which we fully concur. The attempt of the appellants to distinguish the case before us from the one as set forth in the complaint is not successful. The proofs strengthen the case made by the complaint, rather than weaken it. The trial court found—and it is well sustained by the evidence—that, upon the faith of the agreement between the husband and the wife, the plaintiff entered into possession of the farm, devoted his time to its improvement and development, made valuable improvements thereon, increased thereby the value of the property, as the result of the same and of many years of labor, until it was finally paid for, when (the defendants, in fraud of the rights of the plaintiff, and to deprive him of his interests in the property, acting in concert) the wife conveyed the premises remaining (about 23 acres) to her sister, the defendant Sawyer, and substantially turned the plaintiff out of doors, to shift for himself, without compensation for his services. The plaintiff had an equitable right to the enforcement of the contract made with his wife. He had performed his part of the contract, and, though it were by

parol, equity would enforce it in his favor, under the circumstances of the case, he having fully performed his part of the agreement. The defendant Sawyer, having taken the conveyance from the wife with notice of the plaintiff's rights, and in fraud thereof, cannot resist the decree canceling her conveyance, and the wife should be compelled to perform her agreement.

It appeared in evidence that the plaintiff consulted with Mr. John G. Record, an attorney at law, in regard to his contract with his wife concerning the farm, and as to his rights in the premises; and he was asked if he told Mr. Record, shortly before the commencement of this action, that he had no contract or arrangement with his wife with reference to the farm. He answered, "No, sir." Thereupon his counsel objected to the question upon the ground that the communication made to the attorney was privileged, and upon his examination preliminarily it appeared that he knew that Mr. Record was an attorney, and that he was asking his advice as such in the talk with him, although he did not formally employ him as attorney, or retain him as such. The court finally held the communication privileged, to which the defendants excepted, and urge it here as error. The question was in fact answered in the negative. The court was not asked to strike out the answer, and it remains upon the record; but, if the ruling may be regarded as an exclusion of the evidence offered, it was not reversible error. A formal retainer was not necessary to constitute the relationship of client and attorney. 1 Whart. Ev. § 578. And it is not necessary that the communication should be in reference to any particular suit. Id. § 579. Communications which the lawyer is precluded from disclosing, the client cannot be compelled to disclose. Id. § 583, and note. Section 835 of the Code of Civil Procedure forbids an attorney "to disclose a communication made by his client to him or his advice given thereon in the course of his professional employment." But it appears that the deposition of Mr. Record, the attorney, was received in evidence on defendants' behalf; and he testified, in effect, that the plaintiff had stated to him that he (the plaintiff) had no contract or arrangement with his wife whereby he could hold the land. This evidence, though incompetent if objected to, was before the trial court without objection; and we cannot see that the ruling complained of was prejudicial to the defendants, even if erroneous, or could have affected the result.

No other exception worthy of consideration appears in this case. The judgment should be affirmed, with costs. All concur.