to comply with the provisions of paragraph XII of that decree and with the will of Thomas Cornell.

My attention may be called to some part of the accounts now before me where this has been done, but I have failed to find it, and my understanding of the latter part of paragraph XII was that the trustee under its provisions was to pay sufficient to the principal estate to equalize the 90 per cent. paid to Mrs. Cornell.    The trustee in his account will, therefore, credit the principal estate with $500 from the income account.

It may easily be that some objection not satisfactorily settled or withdrawn has been overlooked by me; if so, upon my attention being called to it, I will pass on it at once.

A decree may be handed up in accordance with this memorandum.

Decreed accordingly.

---

Matter of the Appraisal of the Property of JOHN BERRY, Deceased, Under the Act in Relation to Taxable Transfers of Property.*

(Surrogate's Court, Westchester County, December, 1897.)

**Transfer tax— Payment of mortgages from personalty under the directions of a will.**

> A direction to executors, that they shall pay mortgages upon the real estate devised by the will of their testator, does not authorize an appraiser, appointed under the Transfer Tax Law, to deduct the amount thus paid from the value of the personal property in order to determine the value of the succession to it; and this, notwithstanding the fact that the Real Property Law (Laws of 1896, chap. 547, § 215) expressly permits a testator to direct that mortgages upon his realty shall be paid from his personalty.

APPEAL from a decree of the surrogate assessing transfer tax.

Joseph W. Middlebrook, for state comptroller, appellant.

Charles H. Ostrander, for executors, respondent.

SILKMAN, S.    This is an appeal on behalf of the state from a decree assessing the transfer tax upon the succession to the property of John Berry, deceased.

---

*Received too late for insertion in proper place.— [Rep.

From the will of John Berry it appears that he died possessed of a considerable amount of personal property, and also of an equity of redemption in numerous pieces of real property.

By the second clause of the will, he devised to his sister, Elizabeth O'Neill, the premises 34, 36 and 38 South Fourth avenue, Mount Vernon, together with a lot on South Fifth avenue, which premises were incumbered by a mortgage for $21,000.

By the third clause of his will, he devised to his niece, Rebecca Berry, the premises 31 South Fifth avenue, Mount Vernon, which premises were incumbered by a mortgage for $3,000.

By the fourth clause of his will, he devised to his niece, Mary Ann Berry, the premises 33 South Fifth avenue, Mount Vernon, which premises were incumbered by a mortgage for $2,000.

By the eighth clause of his will he devised to Elizabeth Havey, a stranger, the premises 16 Glen avenue, Chester Hill, Mount Vernon, which premises were incumbered by a mortgage for $5,000.

The ninth clause of his will contains the following provision: "I direct my executors hereinafter named and appointed, to pay all taxes and assessments and water rates confirmed and owing at the date of my death upon the real estate hereinbefore devised, and also to pay and discharge all mortgages covering the said real estate hereinbefore devised."

The appraiser, in arriving at the value of the succession to the personal property of which the testator died possessed, has deducted therefrom the amount of the mortgages upon the real estate.

It is claimed, on behalf of the state, that in this respect the appraiser erred and that the decree entered upon his report should be reversed or modified.

In arriving at the value of the succession to the personal property, it is necessary for the appraiser to deduct the amount of debts owing by the testator at the time of his death, together with the expenses of the administration. Matter of Westurn, 152 N. Y. 93.

Under the rule existing prior to the Revised Statutes, the mortgage indebtedness of a testator would have been payable out of his personal property, and the devisees would have taken the real estate discharged of the mortgages. But this rule was changed by the provision in the Revised Statutes which has been incorporated in the Real Property Law, section 215: "Where real property, subject to a mortgage executed by any ancestor or testator,

Surrogate's Court, Westchester County, December, 1897.    [Vol. 23.

descend to an heir or passes to a devisee, such heir or devisee must satisfy and discharge the mortgage out of his own property, without resorting to the executor or administrator of his ancestor or testator, unless there be an express direction in the will of such testator, that such mortgage be otherwise paid."

On behalf of the executors it is claimed that as the testator has directed the mortgages to be paid out of the personalty, the real estate passes freed from the mortgages, as they would have under the common-law rule, and that the amount of such mortgages must be deducted from the value of the personal property, in measuring the value of the succession to it.

The question to be decided is not entirely free from doubt. The Transfer Tax Law is silent upon the point involved. Provision is made for the fixing of " the fair market value at the time of the transfer thereof of property of persons whose estates are subject to the payment of any tax imposed by this article," and, to arrive at the fair market value of personal property, it has been held that it is necessary to deduct the amount of the decedent's debts. In the Matter of Westurn, cited above.

As the precise question before us has not been determined in any reported case, so far as I have been able to find, the intention of the legislature must be sought by the application of recognized rules of construction and by the decision in analogous cases.

The argument is not without force that the Transfer Tax Law was passed with full knowledge of the provisions of the Revised Statutes above cited, and which permitted, in express terms, a direction by a testator for the payment of mortgages out of his personal estate, and that the Transfer Tax Law must be read in connection with such provision of the Revised Statutes. Nevertheless, I am of the contrary opinion. There does not seem to be any necessity for reading the two statutes together; while, on the other hand, such construction should be given to the Transfer Tax Law as would make its application uniform and equitable, " and such construction should be put upon it as does not suffer it to be eluded." People v. Utica Ins. Co., 15 Johns. 357.

The succession to real estate passing to near relatives is not subject to any tax, while the succession to personalty is taxable at the rate of 1 per cent.

It will readily be seen that if the construction, contended for by the executors, were to be adopted, a great temptation would exist to elude the payment of taxes, by the creation of mortgages

perhaps in favor of intended legatees, and then directing their payment out of personalty.

The Tax Law, as has been determined, has to do with facts which are not to be disturbed by the application of equitable rules or legal fictions.    Matter of Sutton, 3 App. Div. 208; 149 N. Y. 618.

The testator here died possessed of a certain amount of personal property and the equity of redemption in real property.

The direction to pay mortgages upon the real property in which he owned an equity of redemption was nothing more nor less than an equitable conversion of a certain amount of personal property into real property.

It is true that the direction to pay the mortgages out of the personalty is in no sense a legacy, but tax laws are not to be governed or construed by the same rules that apply to the construction of wills, and for that reason I do not feel bound by the decision in Matter of Hopkins, 57 Hun, 9.

From the view that I have taken of this case, it becomes necessary for me to modify the decree entered upon the report of the appraiser, in so far as it takes, from the personal property, the amount of the mortgages upon real estate, in fixing the fair market value of the personal property.

Let a decree be entered in accordance with the views expressed, with the costs to the appellant.

Decree modified, with costs to appellant.