ROBERT ANKELE, Appellant, v. GEORGE BLANKNER, as Executor, etc., of ALICE L. ANKELE, Deceased, and Others, Respondents.

First Department, July 8, 1921.

Pleadings — separate defense must be treated on demurrer as entirely separate and distinct part of answer — equity — suit against executor to compel conveyance of interest in real property and for accounting of rents and income received — agreement by testator for conveyance not in writing — complaint does not set forth agreement which can be specifically enforced — resulting trust not shown — when court of equity will not override Statute of Frauds.

Matter pleaded as a separate and complete defense must, for the purposes of a demurrer thereto, be treated as an entirely separate and distinct part of the answer, and the defendant is not entitled to the benefit of any

denials contained in any other part of the answer, which are not repeated by reference or otherwise incorporated into the separate defense.

In a suit to compel the conveyance to the plaintiff of a two-thirds interest in certain property and for an accounting for all income derived therefrom the plaintiff alleged in his complaint that the property in question was transferred by him to his wife, defendant's testator, by a deed absolute, under an agreement not in writing, whereby the wife agreed to pay a certain sum of money, without alleging to whom the money was to be paid; that his wife agreed that the plaintiff and herself and a third person should each have a one-third interest in the property and in the event of the death of either, the plaintiff or his wife, the share of the one so dying should go to the survivor, and that in reliance upon the strength of that agreement he conveyed the premises to his wife who has since died. *Held*, that the complaint fails to set forth an agreement which can be specifically enforced since the facts stated do not disclose with sufficient clearness what the agreement relied upon was, in that it does not appear to whom the money was to be paid, and it is not stated when the plaintiff was to obtain a conveyance of his one-third interest, nor is it alleged that the plaintiff's wife received the title in trust to convey or that she promised in any event to convey, either by deed or will, any interest in the property to the plaintiff.

Nor are the facts alleged sufficient to create a resulting trust since there is no allegation of mutual mistake, or of fraud or overreaching on the part of the wife, and the fact that the wife may have agreed to pay a certain sum of money is not sufficient to create a trust for plaintiff's protection in view of the fact that the deed was an absolute one and that during the life of the wife the plaintiff did not assert his claim that she held the property in trust.

Moreover, the allegations of the complaint show no necessity for the intervention of a court of equity to override the Statute of Frauds.

PAGE and GREENBAUM, JJ., dissent, with opinion.

APPEAL by the plaintiff, Robert Ankele, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 24th day of November, 1920, denying plaintiff's motion to sustain the demurrer to the separate and complete defense alleged in paragraph V of the answer, and overruling said demurrer.

*Julius Riedler,* for the appellant.

*Charles G. Bond* of counsel [*Coulter & Bond,* attorneys], for the respondents.

MERRELL, J.:

The action is brought by one Robert Ankele against George Blankner, as executor of the last will and testament of Alice L.

Ankele, deceased, and others, to compel the conveyance to the plaintiff of a two-thirds interest in certain property at No. 1984 Valentine avenue, in the borough of The Bronx, city of New York. The plaintiff also seeks to compel the said executor to account for all income derived from the property since its transfer to deceased. The complaint alleges that the plaintiff, Robert Ankele, is the surviving husband of Alice L. Ankele, deceased; that the parties lived together down to the time of the death of plaintiff's wife, which occurred on the 27th day of October, 1918; that Alice L. Ankele left a last will and testament, in which she empowered her friend, the defendant Frank J. Brockie, " to take full charge of my property, No. 1984 Valentine Avenue, * * * with full power and authority to manage same, to collect all rents, * * * until the property is sold for a proper figure, not less than sixteen thousand dollars, and out of the net income he is to receive one-fourth of the net income, and my husband, Robert Ankele, is to assist Mr. Brockie in the up-keep of the place and is to have one-fourth of the net income, and my father and mother, David Curtis and Ann Curtis, are to have one-half of the net income, for moneys they have advanced me; and after the sale and all debts are paid in connection with that property, including fifteen hundred dollars due my husband, Robert Ankele, and including the five hundred dollars to be paid to Frank J. Brockie, I give, devise and bequeath the proceeds thereof, one-fourth to my said husband, Robert Ankele, two-fourths to my father and mother, David and Ann Curtis, or the survivor of them, and the remaining fourth to my friend Frank J. Brockie, and I give my executor full power and authority to make, execute and deliver proper deeds to cover the same to the purchaser and distribute the proceeds as above provided." The complaint then alleges that the Valentine avenue property was originally purchased by the plaintiff with money belonging exclusively to him; that on or about the 1st day of May, 1916, the plaintiff executed a deed thereof to his wife, Alice L. Ankele; that said property was so conveyed pursuant to an " agreement had with the decedent, the plaintiff and defendant Frank J. Brockie, wherein the said decedent, Alice L. Ankele, agreed to pay the sum of Fifteen Hundred ($1,500) dollars within a reasonable time,

after the said conveyance to her, and also agreed to pay the sum of Five Hundred ($500) dollars to the said defendant Frank J. Brockie. And further agreed that the said parties the plaintiff, Frank J. Brockie and said Alice L. Ankele, shall each have a one-third interest in said property, and that in the event of the death of either, the said plaintiff or Alice L. Ankele, deceased, the share of the one so dying shall go to the survivor, that is plaintiff or the decedent;" and " that the plaintiff relying upon the strength of the aforementioned agreement, and upon the promises made by Alice L. Ankele, the said decedent, transferred the property to the said Alice L. Ankele, deceased." The Valentine avenue property is alleged to be of the value of $12,000, subject to a mortgage upon which is due the sum of $6,500.

The answer of the defendant David Curtis denies the allegations of the complaint respecting the agreement therein alleged to have been made by Alice L. Ankele, deceased, at the time of the aforesaid conveyance to her, and alleges as a " separate and complete defense: "

" V. That the alleged agreement mentioned and described in paragraph ' Seventh ' of the complaint herein was not, nor was any note or memorandum thereof expressing the consideration in writing, subscribed by Alice L. Ankele or by her lawfully authorized agent."

To this " separate and complete defense " the plaintiff has demurred, and such demurrer has been overruled by the court below. For the purposes of the demurrer, this defense must be treated as an entirely separate and distinct part of the answer. The defendant is not entitled to the benefit of any denials contained in any other part of the answer, as such denials are not repeated by reference or otherwise incorporated in this separate affirmative defense. (*Douglass* v. *Phenix Ins. Co.*, 138 N. Y. 209; *Bulova* v. *Barnett, Inc.*, 193 App. Div. 161.) General denials are, of course, improper in such an affirmative defense, but, when necessary, special denials may be therein alleged. It, therefore, follows that all of the allegations contained in the complaint must be assumed to be true, as well as the facts stated in this defense.

The complaint does not allege that the agreement made with deceased was in writing. If upon reply or at the trial

the agreement proves to have been oral, the Statute of Frauds will be a good defense, unless facts appear which require the court to grant plaintiff equitable relief, in order to prevent the statute becoming an instrument of fraud. (See Real Prop. Law, §§ 242, 259.) The question to be determined, therefore, is: Does the complaint state facts requiring the intervention of a court of equity?

The plaintiff claims that the facts stated entitle him either to a specific performance of the alleged agreement and to an accounting, or to such other relief as will place him in the position which he claims he has the right to occupy by reason of his reliance upon the alleged agreement of his wife made prior to his conveyance of the property to her.

The complaint, carefully analyzed, does not fall within any of the cases cited by the appellant. The facts stated do not disclose with sufficient clarity what the agreement relied upon was. It does not appear to whom the sum of $1,500 was to be paid; no time is stated when the plaintiff was to obtain or receive a conveyance of his alleged one-third interest in the property conveyed; nor does it appear that Alice L. Ankele received the title in trust to convey, or that she promised in any event to convey, either by deed or will, any interest in the property to the plaintiff. At the time of the conveyance plaintiff was the owner of the premises and could have reserved to himself such rights therein as he desired to retain. The deed, however, was absolute upon its face. The bare statement by plaintiff that he was to have a one-third interest in the property during his life and another one-third in case he survived his wife is not sufficient. The complaint fails to set forth an agreement which can be specifically enforced. Nor are the facts alleged sufficient to create a resulting trust. It is not alleged that the deed was improperly drawn and did not correctly state the intention of the grantor, and no reformation thereof is asked. So far as appears, the conveyance was absolute and voluntary. It was not given to accomplish any purpose which the plaintiff could not, at the time, have accomplished himself. So far as appears, the grantee could, at any time, give an absolute title to the property. The most that can be said from the facts alleged is, that the grantee may have promised, as consideration for

the conveyance, to pay $1,500 to some unnamed person and $500 to the defendant Frank J. Brockie. If such an agreement can be proved and has not been performed, an action at law will lie to recover damages for the breach. The plaintiff cannot now be heard to say that a part of the title was reserved by him at the time of his conveyance to his wife. Having thus conveyed his property without reservation, a mere statement that plaintiff was to have " a one-third interest in said property " is not sufficient to create a trust for plaintiff's protection.

Moreover, no fact is alleged which shows any intention on the part of the plaintiff to create a trust or that his wife was to act as trustee. Plaintiff even goes so far as to say, " that at no time since the transferring of the property to the deceased has the said deceased, Alice L. Ankele, accounted for the income derived from the said property." In other words, it appears upon the face of the complaint that during her lifetime the grantee had full possession of the premises and received the income and profits, which fact is perfectly consistent with absolute ownership, but wholly inconsistent with plaintiff's claim that it was agreed that he should have a one-third interest and one-third of the income. Had the complaint alleged that deceased, during her lifetime, made payments of rent to the plaintiff or that she recognized plaintiff's alleged rights in any manner inconsistent with her claim of ownership, such acts would have some probative force. Not only did the grantee receive an absolute deed, but she enjoyed and possessed the property during her lifetime without any interference or participation therein on the part of the plaintiff, so far as appears in the complaint. Nor is the wife charged with any fraud or misrepresentation in order to obtain the title. No good reason is, therefore, shown why the plaintiff should now ask a court of equity to relieve him from the situation in which he is and which has resulted from his voluntary and absolute deed to his wife. Certainly the vague and indefinite agreement claimed to have been relied upon by him is insufficient to raise a trust in his favor and to require the intervention of a court of equity for that purpose. (*McCartney* v. *Titsworth*, 119 App. Div. 547;

*Gould* v. *Gould*, 51 Hun, 9; *Woolley* v. *Stewart*, 222 N. Y. 347.)

The facts in the case at bar differ materially from those in *Gallagher* v. *Gallagher* (135 App. Div. 457; affd., 202 N. Y. 572) and other cases cited by appellant. In the *Gallagher* case the deed had been given by a man to his wife for the sole purpose of enabling her to become the surety on the husband's bond. It is apparent that in such case it was necessary for a court of equity to intervene in order to prevent a fraud. Similar situations arose in *Amherst College* v. *Ritch* (151 N. Y. 282) and *Ahrens* v. *Jones* (169 id. 555). A court of equity will not override the Statute of Frauds unless it clearly appears that such statute would in the given case, except for the intervention of a court of equity, be an instrument of fraud. The facts alleged in the complaint in the case at bar show no such necessity.

The order appealed from should, therefore, be modified by providing that the complaint be dismissed unless the plaintiff serves an amended complaint within twenty days from service of the order to be entered hereon, leave for which is granted on payment of ten dollars costs, and as so modified affirmed, without costs of this appeal.

DOWLING and LAUGHLIN, JJ., concur; PAGE and GREEN-BAUM, JJ., dissent.

PAGE, J. (dissenting):

I cannot concur in the prevailing opinion that the agreement alleged in the complaint is too indefinite to be enforced in equity by specific performance. It is conceded that if the facts alleged can be proved, an action at law will lie to recover damages for the breach of the agreement to pay the $1,500 and the $500. But that is only a part of the agreement alleged. The remaining portion as alleged in the complaint is, " that the said parties the plaintiff, Frank J. Brockie and said Alice L. Ankele, shall each have a one-third interest in said property, and that in the event of the death of either, the said plaintiff or Alice L. Ankele, deceased, the share of the one so dying shall go to the survivor, that is plaintiff or the decedent." It is thought by the majority of my brethren that it is

improbable that the plaintiff would give an absolute deed to his wife in reliance upon this oral agreement, when he might have reserved to himself such rights in the property as he desired to retain. We are not weighing evidence or considering the possibility of plaintiff's ability to prove the facts alleged. We are considering a demurrer to a defense of the Statute of Frauds, which has been overruled at Special Term, properly, if the defense alone is involved; but on the theory that a demurrer searches the record and reaches the first error in pleading, the sufficiency of the complaint is challenged. We must, then, consider that all the facts stated are true, and indulge every inference that can reasonably be drawn in favor of the plaintiff. It is not a question of whether he can prove the facts or of the improbability of his having done a thing that he has asserted he did do. We must accept the facts alleged as proved.

If the portion of the agreement relating to payment by Alice L. Ankele is sufficiently definite to support an action at law for the breach (and I agree with Mr. Justice MERRELL that it is), the whole agreement is proper matter for enforcement in equity, as it relates to an interest in real property. That a contract calls for the creation of an interest in land has long been regarded as a demonstration that the remedy at law, which cannot compel specific performance, is inadequate. If any uncertainty exists by reason of the fact that the complaint does not name the person to whom the grantee was to pay the $1,500, it is removed by the recital in the will of Alice L. Ankele, a copy of which is annexed to the complaint and made a part thereof, of a debt of $1,500 due her husband, Robert Ankele (the plaintiff), in connection with the property in question, coupled with a mention of the $500 due the defendant Brockie. The liberal construction of the pleadings required by section 519 of the Code of Civil Procedure must be that the $1,500 was to be paid to the plaintiff.

An agreement that A will transfer land to B, and B will pay $1,500 to A and $500 to C, and A, B and C each will have a one-third interest in the land, the survivor of A and B to succeed to the share of the other, is not so indefinite or uncertain so as to be incapable of enforcement. The answer to the question defined by Mr. Justice MERRELL depends

not on the indefiniteness of the agreement, but on whether there has been sufficient part performance to take the case out of the Statute of Frauds. (See Real Prop. Law, §§ 242, 259.) The inquiry is not whether the agreement can be proved, but whether sufficient appears to require its enforcement in spite of the fact that it was not in writing.

Here we have an agreement, in reliance upon which the plaintiff conveyed the land to his wife, thus fully performing his part. By the agreement he was to get $1,500 and a two-thirds interest in case he survived his wife. Her will has attempted to disregard the agreement and give him only $1,500 and a one-fourth share of the net income and of the proceeds of the property when it is sold.

Reference to the record on appeal in the case of *Gallagher* v. *Gallagher* (135 App. Div. 457; affd., 202 N. Y. 572), of which the prevailing opinion says: " It is apparent that in such case it was necessary for a court of equity to intervene in order to prevent a fraud," reveals that the complaint contained only one allegation, the counterpart of which is not found in the complaint under discussion, namely, that subsequent to the deed the husband had paid all taxes and water rents, had collected the rents and appropriated them to his own use, and the wife had made no protest. Here, however, we have the allegation that the wife had repeatedly promised to live up to the terms of the agreement and the plaintiff relied on her promises. The fraud is just as apparent as in the *Gallagher* case.

The case of *Gould* v. *Gould* (51 Hun, 9), a decision of the General Term in the Fifth Department, cited in the prevailing opinion, has been expressly disapproved of by the same General Term in the later case of *Gage* v. *Gage* (83 Hun, 362, 364).

*McCartney* v. *Titsworth* (119 App. Div. 547) was a three to two decision of the Appellate Division of the Fourth Department, which was never passed upon by the Court of Appeals. The action was against a life tenant to restrain waste. He defended on the ground of an oral agreement of his wife, from whom he held the life tenancy, to convey the land to him on request. The majority of the court considered only certain evidence and held it insufficient to show the defendant entitled to specific performance of any agreement that the farm should

be deeded to him in consideration of his making certain improvements on it.   The question was decided with relation to an agreement made after the property was conveyed to the wife.   The minority of the court based their dissent on the proposition that the land was conveyed to the wife in performance of the agreement, and all the improvements were made in addition.   The decision of the majority was based on a state of facts essentially different from the present case. The later case of *Gallagher* v. *Gallagher* (*supra*), which was affirmed by the Court of Appeals, should govern here, rather than *McCartney* v. *Titsworth.*

In *Woolley* v. *Stewart* (222 N. Y. 347) the Statute of Limitations furnished ample reason for the decision; in fact, Judge CARDOZO concurred on this ground.   The other remarks were not necessary to the conclusion reached.

GREENBAUM, J., concurs.

Order modified by dismissing complaint unless plaintiff serve an amended complaint, leave for which is granted on payment of ten dollars costs, and as so modified affirmed, without costs.