BOLT & CO., INC., Plaintiff, *v.* WINFIELD S. GILMORE and Others, Defendants.

Supreme Court, New York Special Term, January, 1923.

**Practice — examination of party before trial — scope — confidential communications.**

A party to an action upon his examination before trial cannot be compelled to disclose confidential communications made to his attorney.

EXAMINATION before trial.

*Charles S. Rosenschein,* for plaintiff.

*Englehard, Pollak, Pitcher & Stern (Walter H. Pollak,* of counsel), for defendants.

MULLAN, J. Upon examination before trial the question arose, can a client be compelled to reveal confidential communications made to his attorney? It is contended that the form of the statute (Civ. Prac. Act, § 353; Code Civ. Pro. § 835) impliedly permits such questions. It seems that there has been no express adjudication upon the point in this state, although there are numerous dicta to the effect that the client is protected by an ancient judge-made rule. *Carnes* v. *Platt,* 15 Abb. Pr. (N. S.) 337; *Whiting* v. *Barney,* 30 N. Y. 330; *People* v. *Cravath,* 58 Misc. Rep.

154; *Gage* v. *Gage*, 13 App. Div. 565; *People ex rel. Updyke* v. *Gillon*, 18 Civ. Pro. Rep. 109. The evidence writers are unanimous in saying that the client is protected. Wigmore, § 2324; Stephens, §§ 115, 116; 1 Greenleaf (Lewis, 1897, ed.), § 240; Jones, 1914, § 748; Chamberlayne, § 3679. In England (Halsbury, The Law of England, vol. 13, p. 571) and generally in this country (cases cited in Chamberlayne, *supra*) the client may refuse to answer. Although the question in *Whiting* v. *Barney, supra,* was as to testimony of an attorney, the reasoning of Selden, J., for the Court of Appeals compels a holding that the privilege extends to testimony of the client. The objections are sustained.

Ordered accordingly.