VIVIAN HOYT, Plaintiff, *v.* JAMES HOYT et al., Defendants.

Supreme Court, Special Term, Bronx County, April 6, 1949.

*Snitow & Snitow* for plaintiff.

*P. Watson* for defendants.

EDER, J. Motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, is denied.

The action is brought by the wife to impress a trust upon certain real property, alleged to have been purchased by plaintiff and her husband, defendant James Hoyt, and alleged to have been fraudulently transferred to said defendant's mother, Catherine Hoyt.

It is averred that at the time of the purchase husband and wife agreed that title would be taken in both names and that defendant falsely represented to plaintiff that title had been taken in both of their names and as tenants of the entirety and that in reliance thereon plaintiff signed the bond covering the mortgage

on said premises, and also, upon such reliance has expended divers sums of money toward the upkeep of the property, and only recently discovered the fraud practiced upon her.

The plaintiff alleges that the conveyance by her husband to his mother was made pursuant to a conspiracy and without consideration and to cheat and defraud the plaintiff of her rights and interest in the property. A decree is prayed for adjudging that a trust be impressed upon the premises in favor of the plaintiff to the extent of holding that plaintiff has a one-half interest in said premises and declaring the conveyance by her husband to his mother to be invalid and void as to plaintiff's one-half interest in said premises.

The basic grounds upon which the movants rely are that there are no facts or circumstances stated in the complaint upon which the court can construct a trust and that there is no allegation that plaintiff gave any consideration for the purchase of the property. The other grounds urged are deemed insufficient and as not warranting any discussion.

It is true that the complaint does not say, in so many words, that plaintiff gave part of the consideration for the purchase of the property but this may be fairly inferred from the allegation that both " purchased " the property. " Purchase " implies obtaining property by paying an equivalent in money (*Hoyt* v. *Van Alstyne,* 15 Barb. 568, 572). This allegation is, I feel, sufficient to indicate that plaintiff gave part of the consideration for the purchase of the property, and coupled with the other allegations of reliance on the statement of the defendant husband, aforementioned, the allegation as to the afore-stated agreement, the signing of the bond and subsequent contributions for the upkeep of the property, they appear to bring the case within *Gage* v. *Gage* (83 Hun 362) and *Jeremiah* v. *Pitcher* (26 App. Div. 402, affd. 163 N. Y. 574) entitling plaintiff to maintain the action upon the facts alleged in the complaint. Settle order.