JOHN HUTCHINSON, Respondent, *v.* ANN HUTCHINSON, Appellant.

*Trust — cannot be proved by parol under the Statute of Frauds — trusts arising by act or operation of law — oral agreement to convey real estate, void.*

Under the Statute of Frauds a trust may be proved by any writing subscribed by the trustee, but it cannot be proved by parol evidence.

The term "by act or operation of law," as used in the Statute of Frauds in reference to trusts, aside from resulting trusts and trusts declared pursuant to settled rules of equity applied to the presumed intention of parties, has reference to trusts *ex maleficio*, where the court proceeds upon the proof of fraud and enforces agreements, notwithstanding the statute; but the mere breach of an oral agreement to convey an interest in land is not such a fraud as will authorize the interference of the courts.

A parol trust in reference to land or a parol agreement to reconvey land to a person at his request, in the absence of fraud, is void under the Statute of Frauds and not enforcible in equity.

APPEAL by the defendant, Ann Hutchinson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 2d day of June, 1894, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Cornelius E. Kene*, for the appellant.

*Martin J. Keogh*, for the respondent.

BROWN, P. J.:

The judgment appealed from in this action has adjudged that a certain deed dated January 13, 1871, executed by the plaintiff to the defendant, was not an absolute conveyance of the land therein described, but that the same was accepted and received by the defendant in trust for the plaintiff and for his use and benefit.

It further adjudged that the plaintiff and defendant were tenants in common of said premises in equal proportions, and that the defendant should, within five days after the entry of the judgment, convey to the plaintiff an equal, undivided one-half of the premises described in the complaint, and that she should forthwith account to the plaintiff for all rents and income received by her from said property. It awarded other relief, which is not necessary to be stated or referred to.

The facts upon which the judgment is based, as they have been determined by the trial court, are as follows:

Prior to January 13, 1871, the plaintiff and defendant, who are brother and sister, were tenants in common of the real estate described in the complaint. On that day, by a bargain and sale deed, expressing a consideration of one dollar, the plaintiff conveyed his interest in the land, consisting of an undivided one-half thereof, to the defendant.

The plaintiff's testimony as to the transaction, which resulted in the execution and delivery of the deed, was, in substance, that after the title was taken in both their names he and the defendant entered into possession.

Shortly thereafter the defendant said to him that it was not necessary to have both names in the deed, that one was sufficient, and he said he was satisfied to have the property put in her name so long as he got his share; that she said he would get his share, and he accordingly went to a lawyer's office with defendant and executed the deed, and that he understood that his title was the same after as before the conveyance, and that it did not affect his ownership at all.

The court found the facts to be that the deed was signed by the plaintiff and delivered to and accepted by defendant upon the distinct agreement between the plaintiff and defendant that it would in no way affect or destroy plaintiff's interest in the property, and that the deed should not be construed as vesting the title absolutely in the defendant, but that she was to hold the same for the joint use and benefit of the parties.

The appellant has discussed upon his brief very fully the proposition that neither the allegations of the complaint nor the testimony of the plaintiff was sufficient to establish such a fraud or misrepresentation as would justify a court of equity in setting aside the conveyance. But that element is eliminated from the case by the concession of the respondent in his first point, that "No fraud is charged against the defendant and appellant in the procuring of respondent's signature to the deed."

Neither does the case present those elements usual in constructive or implied frauds. There was no fiduciary relation between the parties. They did not occupy relations to each other where the defendant naturally exercised any influence over the plaintiff. She

owed no duty to him whatever. The parties were laboring people of little education or information. The court has found as a fact that the defendant could neither read nor write, but that is not found to be the fact with reference to the plaintiff.

The evidence would not permit the conclusion that the defendant had overreached the plaintiff and taken any undue advantage of him so as to charge her as a trustee *ex maleficio* and impress upon the land a trust by reason of constructive fraud.

The plaintiff, at the time of the execution of the deed, was about forty-two years of age, and there is nothing in the evidence to indicate that he was not as fully informed as to his rights and fully as able to protect them as the defendant.

The case does not present a mutual mistake or misapprehension of the respective rights of the parties. The plaintiff understood the transaction perfectly.

He intended to convey his interest in the land to the defendant, and he relied for his protection upon the verbal agreement to hold it in trust for him.

Such being the case presented the judgment cannot be sustained.

The Statute of Frauds (R. S. [8th ed.] p. 2589, § 6) provided that "no estate or interest in lands, * * * nor any trust or power, over or concerning lands, or in any manner relating thereto, shall hereafter be created * * * unless by act or operation of law, or by a deed or conveyance in writing subscribed by the party, creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

Section 7 provides that the preceding section shall not be construed "to prevent any declaration of trust from being proved by any writing subscribed by the party declaring the same."

Under this statute a trust may be proved by any writing subscribed by the trustee, but it cannot be proven by parol.

The reported cases where it has been attempted to establish a trust by parol evidence are numerous, but the decisions are uniform that the statute cannot thus be set aside. (*Cook* v. *Barr*, 44 N. Y. 156; *Levy* v. *Brush*, 45 id. 589; *Wheeler* v. *Reynolds*, 66 id. 227; *Hutchins* v. *Hutchins*, 98 id. 56; *Hurst* v. *Harper*, 14 Hun, 280; *Hubbard* v. *Sharp*, 11 N. Y. St. Repr. 802; *Bauman* v. *Holzhausen*, 26 Hun, 505; *Gould* v. *Gould*, 51 id. 9.)

The statute excepts from its operation trusts arising " by act or operation of law." Without referring to adjudged cases for the meaning of these words, it may be said in a general way that, aside from resulting trusts and trusts declared pursuant to settled rules of equity applied to the presumed intention of parties, the term has reference to trusts *ex maleficio*, where the court proceeds upon the proof of fraud, and enforces agreements notwithstanding the statute. But a mere breach of an oral agreement to convey an interest in land is not such a fraud as will authorize the court to interfere. ( *Wood* v. *Rabe*, 96 N. Y. 414.)

The testimony of the plaintiff may be construed to create a parol trust in the land for his benefit, or a parol agreement to reconvey the land to him at his request.

In either view the contract, not being in writing, was within the Statute of Frauds and void.

The Statute of Frauds was not specifically pleaded as a defense. The answer, however, alleged that defendant had an absolute title to the land under the deed from the plaintiff, and that the facts set forth in the complaint did not constitute a cause of action, and upon the trial, before any testimony was given, the defendant moved for judgment upon the pleadings. The point we have considered, and upon which our decision rests, is sufficiently presented by the exception to the denial of that motion.

The judgment must be reversed, and there should be a new trial.

PRATT, J. :

This is an appeal from a decree in favor of the plaintiff declaring that a deed given by the plaintiff, dated January 13, 1871, of one undivided half interest in certain real estate in Westchester county, is void, etc. The action was commended on the 13th of January, 1894.

The defendant is a sister of the plaintiff. It appears that on the 7th of October, 1870, they purchased the property at a sheriff's sale at the price of $850, and took a deed in their joint names, and each contributed portions of the purchase money, the plaintiff considerably more than the defendant, and that they joined in a mortgage for $500 to pay the balance of the purchase money, which the plaintiff afterwards paid off and took an assignment of the mortgage, which

he now holds and upon which he commenced a foreclosure suit that is now pending and undetermined. The mortgage was paid off prior to May 28, 1873, and the assignment recorded on that day.

The plaintiff alleges in his complaint " that from and after the said seventh day of October, 1870, and up to the 13th day of January, 1871, the defendant continually and persistently represented to this plaintiff, who was, and is, an illiterate man and entirely destitute of business knowledge, experience or ability, that it was annoying and unnecessary that both names should appear on the tax books or in the deed, and that it was only the occasion of extra annoyance * * * as she could manage, care for and protect their interests more easily than this plaintiff, continually and persistently urged this plaintiff to substitute her name in the deed in the place and stead of both their said names, on each occasion representing to this plaintiff that his interest and share in said property would not be altered, affected, relinquished or destroyed thereby."

He also alleges that defendant has collected all the rents of said property; that he never intended to convey said property; that defendant has not kept her promise, but now claims title to the whole property, and denies the plaintiff has any title or interest in said property, and that he has always retained joint possession of said property with the plaintiff. No fraud is charged or proved on the part of the defendant to induce plaintiff to sign the deed. The defendant denies the whole story of the plaintiff as to the cause of his making the deed.

There can be no doubt from the evidence that plaintiff signed the deed well knowing that the effect of it was to put the whole title in the name of the defendant for her to manage, pay taxes and take entire charge of the property as she had continued to do for more than twenty years previous to the suit. This is also evident from the fact that when he paid off the mortgage he took an assignment of it, and on the 3d of November, 1893, commenced an action of foreclosure upon it, naming Ann Hutchinson as sole defendant.

The question is, can a deed understandingly and voluntarily given after such a lapse of time be wiped out of existence by parol evidence such as is disclosed in this case? The claim is that the plaintiff should retain his interest in the land notwithstanding the deed; to prove this it was necessary to vary by parol the terms of the

deed. It is to be observed that the decree here is not for a specific performance of a promise made by defendant, but a decree that the deed was void, without a particle of evidence that it was obtained by deceit, fraud or duress. If it is claimed that the defendant received it in trust for the plaintiff, the answer to that is that a trust in lands cannot be created without an instrument in writing. If it is assumed that the deed was given upon a promise which has not been kept, the Statute of Limitations has long since barred a recovery. This is a stale demand that ought not to be encouraged by a court of equity. (Am. & Eng. Ency. of Law, 534, and cases there cited ; Story's Eq. Juris. § 1520.)

In no view of the case can the action be maintained. Judgment reversed and new trial granted.

DYKMAN, J., not sitting.