ANNIE GOLDSMITH et al., Respondents, v. LEOPOLD GOLDSMITH, Appellant.

When a person, through the influence of a confidential relation, acquires title to property, the court, to prevent an abuse of confidence, may impress upon the property an implied trust and so grant relief.

G., the mother of the parties to this action, was the owner of a house and lot in the city of B., which was incumbered by a mortgage. The children lived with their mother, and the premises furnished a home for the family. In February, 1887, G., having become incapacitated for further care and management of the property, deeded the same to defendant without consideration, in pursuance of a parol agreement and promise on his part that he would hold the same for the benefit of the plaintiffs in common with himself, and would give them their shares in it. The plaintiffs were at that time minors. It was agreed that defendant should have all the accruing rents and his board in the family without charge, he to pay the interest on the mortgage and the taxes on the property. G. died in March thereafter. The agreement was carried out during her life and for some time thereafter. Defendant then sold the property, and with a portion of the avails purchased another house and lot; he was asked to take the deed in the name of all the children, but objected, promising, however, to execute a separate paper acknowledging and securing plaintiffs' rights in the property. Thereafter he repudiated the agreement and claimed to be the sole and absolute owner. In an action to compel performance of the agreement, held, that the arrangement was founded upon the relation of mother and son and brothers and sisters, and involved the trust and confidence growing out of these relations; that the denial by defendant of the rights of plaintiffs was a fraud upon them and upon the purpose of the deceased mother; that, conceding no express trust was created, a trust might be implied and properly enforced to prevent and redress the fraud, which trust is unaffected by the Statute of Frauds.

Also, held, that although an intended fraud was not explicitly and by the use of that word charged in the complaint, yet, as all the facts showing it were therein fully and clearly stated, the omission was not, after judgment, material.

Reported below, 6 Misc. Rep. 12.

(Submitted February 25, 1895; decided March 12, 1895.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made December

29, 1893, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiffs, who were four of the children of Barbara Goldsmith, deceased, against defendant, their brother, and the only other child of the deceased. Their complaint set forth the transfer by said Barbara Goldsmith to defendant of certain real property described, without consideration, to be held by him in trust for the benefit of all the children, the sale of said premises by defendant, and subsequent purchase by him with the avails of other real estate. The relief asked was that defendant be directed to transfer to each of the plaintiffs an undivided one-fifth interest in said last-mentioned real estate, and that he be directed to account for and pay to plaintiffs their share of the proceeds of the sale of said first-mentioned real estate, and for such other and further relief as might be just.

The facts, so far as material, are stated in the opinion.

*Hays & Greenbaum* for appellant. The parol testimony was incompetent to fasten a trust upon the defendant. ( *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Cook* v. *Barr*, 44 id. 156; *Sturtevant* v. *Sturtevant*, 20 id. 39; *Rathbun* v. *Rathbun*, 6 Barb. 98; *Levy* v. *Brush*, 45 N. Y. 589.) The only cases where parol evidence is admissible to establish a trust are those of fraud or mistake. (Girard on Titles, 257; *Hubbard* v. *Sharp*, 11 N. Y. S. R. 802; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Bailey* v. *Ryder*, 10 id. 363; *Sturtevant* v. *Sturtevant*, 20 id. 39; *Butler* v. *Viele*, 44 Barb. 166; *Fisher* v. *Fredenhall*, 21 id. 82; *C. C. Bank* v. *White*, 6 N. Y. 236.) The plaintiffs have not alleged or established any trust known to the law. (N. Y. R. S. [8th ed.] 2437, § 55.) The trust is void for want of certainty. (*Harrison* v. *McMennomy*, 2 Edw. 251; *Cook* v. *Barr*, 44 N. Y. 156; *Rathbun* v. *Rathbun*, 6 Barb. 98; Gerard on Titles to Real Estate, 257.) The trust, as found by the learned trial judge, is not valid as a trust to receive the rents and profits of land. (1 R. S. 728, § 55, sub. 3; *Cook* v. *Platt*, 98 N. Y. 35.) Parol evidence

will not be admitted to vary the consideration expressed in the deed. (*Graves* v. *Graves*, 29 N. H. 129; *Philbrook* v. *Delano*, 29 Maine, 410.) There has been no part performance shown sufficient to take the cause out of the statute. (*Rathbun* v. *Rathbun*, 6 Barb. 98; *Cronkhite* v. *Cronkhite*, 94 N. Y. 323; *Wheeler* v. *Reynolds*, 66 id. 227.)

*Jerry A. Wernberg* for respondents. The plaintiffs in this action are not prevented from recovering by reason of the Statute of Frauds, for by the terms of the agreement by which the conveyance was made to defendant, the plaintiffs were to permit the defendant to live in the house without the payment of board; this the plaintiffs did do until the property was sold by defendant, and in addition thereto expended part of their earnings in keeping the property in repair. The defendant collected the rents of the house and paid the interest, taxes and some of the repairs on the property; thus it was a partly executed contract and the plaintiffs are entitled by law, if they have proved these facts to the satisfaction of the court, to have judgment compelling the defendant to complete the part of the contract he has left undone by giving to each of the plaintiffs the share he or she would be entitled to by the terms of the contract. (*Freeman* v. *Freeman*, 43 N. Y. 37; *Ryan* v. *Dox*, 34 id. 311; *Chapman* v. *Potter*, 69 id. 279.) A trust of personalty is not within the Statutes of Uses and Trusts, and may be created without writing, for any purpose not forbidden by law. (*Gilman* v. *McArdle*, 99 N. Y. 451; 12 Abb. [N. C.] 414; *Stettheimer* v. *Stettheimer*, 2 N. Y. S. R. 358; *Barry* v. *Lambert*, 98 N. Y. 300.) Any declaration, of a person in possession of property, acknowledging a trust, will be received as constituting the trust acknowledged. (*Day* v. *Roth*, 18 N. Y. 453; *Neilly* v. *Neilly*, 23 Hun, 653; 2 Story's Eq. Juris. § 972; *Day* v. *Roth*, 18 N. Y. 448; 1 Wend. 625; *Tracy* v. *Tracy*, 3 Bradf. 57; *Witzel* v. *Chapin*, Id. 386.) A court of equity will not permit the Statute of Frauds to be used as an instrument of fraud. (*Wood* v. *Rabe*, 96 N. Y. 414.) The statute against

the creation of a trust, unless by writing, cannot be invoked to protect the defendant, for that would result in his assistance in the perpetration of a fraud on plaintiffs. (*Bitter* v. *Jones*, 28 Hun, 492; 2 R. S. chap. 7, tit. 1, § 10.)

FINCH, J. The findings in this case show a situation which permits the application of an equitable remedy. They establish that Mrs. Goldsmith, while the owner and in possession of a house and lot known as the Myrtle avenue property, met with an accident which incapacitated her for its further care and management, and induced her to commit it to her son, the defendant, Leopold. That son was of age but unmarried and lived with the family, which further consisted of four children, three daughters and one son, all of them, with perhaps a single exception, minors, and two of them under ten years of age. The Myrtle avenue property furnished a home for the family which was supported partly by the rental of a portion of the house, partly by the husband and father, and to some extent by the labor of Annie, the eldest daughter, upon whom the household management devolved after the disability of the mother. The means of the family were narrow and limited. The home which they occupied was very essential to their comfort and support, but even that was incumbered by a mortgage, the annual interest of which was a charge upon their resources. In this state of affairs the findings show that the mother conveyed the house and lot to her son, Leopold, upon a promise on his part to hold it for the benefit of the other four children in common with himself, and give to them their shares in it. He paid no consideration for it beyond the promise thus made. It was a further part of the arrangement that he should have all the accruing rents, but should pay the interest on the mortgage and the taxes on the property, and was to have his board in the family without charge. In pursuance of this arrangement the deed was executed and delivered, and Annie herself took it to the clerk's office for record. It is quite evident that this was an arrangement founded upon the relation of mother and son, and brothers

and sisters, involving the trust and confidence growing out of that relation, and intended as a settlement of the family affairs. It furnished a home for all in which they were to have a common right, and which was to be for their joint benefit. The deed was made in February, 1887. The mother died in March of the next year. The plan originally adopted was carried out during her life and for some considerable time after her death. The daughters furnished Leopold his board without compensation or charge, as was arranged, and occasionally paid out small sums for ordinary repairs of the house. A time came when Leopold sold the Myrtle avenue property, and with a portion of the proceeds bought a house and lot on De Kalb avenue. There is evidence that on this occasion he was asked to take the deed in the name of all the children interested, but objected on the ground that it would be troublesome and inconvenient, and promised to execute a separate paper acknowledging and securing their rights in the property. Soon after he totally repudiated the agreement, and claimed to be the sole and absolute owner of the property, and now defends against the children, insisting that the agreement, if made, was void for uncertainty, and because it rested solely in parol.

There was enough of evidence to warrant the finding that Leopold at the time of the conveyance promised his mother that he would hold the property in trust for the plaintiffs herein. What he said on that occasion was expressed in somewhat different terms by different witnesses, but the substance of all of it concurred in the promise that he would hold the legal title for the benefit of the plaintiffs. That agreement was reflected in the action of both parties for some years after it was made, and induced the plaintiffs to do what otherwise they would not have done, and furnish Leopold his board without charge. The conduct of the latter in now denying the rights of the plaintiffs operates as a manifest fraud upon them and upon the purpose of the dead mother in seeking to provide for her children. It would be a reproach to equity if it proved unable to redress such a wrong.

It may be granted that no express trust was created, and that the judgment cannot be sustained on that ground, but we think the case is one in which equity will raise out of the situation, from the grouped and aggregated facts, an implied trust to prevent and redress a fraud, and which trust will be unaffected by the Statute of Frauds and may properly be enforced. The general rule was declared, in *Wood* v. *Rabe,* (96 N. Y. 425, 426), to be, that when a person, through the influence of a confidential relation, acquires title to property or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence, will grant relief. It was added that, while the fraud must be something more than the mere breach of a verbal agreement, yet, where the transaction is one between parent and child, and involves the greatest confidence on one side and the greatest influence on the other, the case is one, in which equity may properly intervene. One of the findings in this case is "that at the time said deed was delivered the defendant understood that his mother reposed confidence in him, and with that understanding accepted the conveyance and the confidence of his mother." There is no room to doubt the truth of that finding. There was not only involved the relation of mother and son, but that of brothers and sisters, for whose benefit the agreement was made. The absence of a formal writing grew out of that very confidence and trust, and was occasioned by it, as was also the subsequent performance by the children of the condition to furnish board without pay. Upon the whole transaction, therefore, including the confidential relation of the parties and its nature as a family arrangement very much beyond a mere business relation, we think it was competent for a court of equity to impress upon the property and its proceeds an implied trust for the benefit of the children. It is true that an intended fraud is not explicitly and by the use of that word charged in the complaint, but all the facts are there, fully and clearly stated, showing the fraud attempted to be perpetrated, and all that is omitted is the word or expression characterizing the necessary inference. We have held that

such an omission after judgment is not material where the facts themselves have been sufficiently pleaded. (*Whittlesey v. Delaney*, 73 N. Y. 575.)

We think, therefore, that there was no error in awarding the relief, and that the judgment and order appealed from should be affirmed, with costs.

All concur.

Judgment affirmed. _____