MARY BULLENKAMP, Appellant and Respondent, *v.* ANNIE BULLEN-KAMP, Respondent and Appellant.

*Fiduciary relation — transfer of land alleged to have been induced by — absence of a finding to that effect in the record on appeal.*

Upon the trial of an action to procure a reconveyance of land, testimony was given on behalf of the plaintiff that the plaintiff's brother, towards whom the plaintiff, the grantor of the land, entertained a warm sisterly affection, was the active agent of the grantee, his wife, in bringing about the conveyance thereof to the latter, and that both of them orally assured the grantor that the property would be returned to her.

*Held,* that an appellate court, where the record did not disclose any finding on this subject by the trial court, was not in a position to hold that the grantor had shown herself entitled to relief on the ground that the conveyance was procured through the influence of a confidential relation.

APPEAL by the plaintiff, Mary Bullenkamp, from so much of a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 5th day of July, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term as adjudges: "That after the defendant received said conveyance she laid out and expended upon the said lands, for the benefit of the plaintiff in the matters shown below, the following sums of money: $197.05 expended to satisfy a judgment against Henry Bullenkamp, under which supplementary proceedings were instituted; $228.02 expended in lawyer's fees on supplementary proceedings, premiums on insurance that Henry Bullenkamp's daughter collected, and other bills of Henry Bullenkamp; $755.40 for interest and taxes on the land in question, paid by the defendant before the one thousand dollars was raised by her on mortgage; $534.66 for lumber and labor for putting up advertising fences from which considerable income for advertising was received." And also from so much of the decree herein as provides in paragraph 5, "That the plaintiff must repay said Amelia E. Louis or satisfactorily secure to her the sum of $1,050 and interest thereon, and until such action is taken, as will discharge or secure such indebtedness to Mrs. Louis, the aforesaid sum of $1,050 shall constitute a charge and equitable lien upon the

land below described." And also from so much of the decree herein as provides in paragraph 6, "That the plaintiff should pay to the defendant the sum of $2,290.06, the aggregate of the moneys claimed to have been expended by her on account of and for the benefit of the lands in suit or lose all right in and to such lands." And also from so much of the decree herein as provides in paragraph 7, "That upon the compliance with the direction and provisions of paragraphs five and six of this decree the defendant is directed to execute, duly acknowledge and deliver to the plaintiff herein a good and sufficient deed of the lands below described." And also from so much of the decree as provides in paragraph 8, "But this direction and decision is made upon condition and not otherwise that the plaintiff comply with the provisions of paragraphs five and six of this decree and make the payments therein provided for and so pay or secure said Amelia E. Louis for or on account of the loan made by her upon the promissory note of the plaintiff within ninety days from June 22, 1898." And also from so much of the decree herein as provides in paragraph 9, "That if the plaintiff fails to make the payments and give the security herein prescribed as necessary to entitle her to a reconveyance within the time herein limited, that then a further judgment may be entered at the foot of the decree forever barring and determining all the plaintiff's rights in or to such land or any of it and all right or remedy in any manner against the defendant."

Also an appeal by the defendant, Annie Bullenkamp, from the whole of said judgment.

*Cromwell G. Macy,* for the plaintiff.

*George Edwin Joseph* [*Alex. S. Bacon* with him on the brief], for the defendant.

WILLARD BARTLETT, J.:

This is a curious case. In 1890 Henry Bullenkamp was engaged to be married to Amelia E. Louis, and he borrowed from her $1,050, to be applied to the purchase of the lots near Ocean Parkway in Kings county, which are the subject of controversy in this action. At the instance of Henry Bullenkamp the lots were conveyed by the vendor to the plaintiff, Mary Bullenkamp, Henry's sister, and, in

order to assure to Mrs. Louis the repayment of the $1,050 thus loaned by her, Henry Bullenkamp procured the plaintiff, his sister, to execute and deliver to Mrs. Louis her promissory note for that amount. It may be stated here that this promissory note has never been paid and has apparently become barred by the Statute of Limitations.

Although he was engaged to Mrs. Louis for a number of years, Henry Bullenkamp did not marry her, but eventually became the husband of the lady who figures in this litigation as the defendant Annie Bullenkamp, now his widow.

In December, 1896, the plaintiff having the legal title to the real estate in question and the possession thereof, acquired through her brother in the manner which has been stated, conveyed the property at his instance to Annie Bullenkamp, the defendant (who had then become his wife), for a nominal consideration. The present suit is instituted by his sister, the grantor, to obtain a reconveyance of the lots. The learned court at Special Term has directed that the defendant reconvey the land in controversy to the plaintiff upon certain conditions set out in the decree. Both parties have appealed, the defendant being dissatisfied that the plaintiff should have obtained any relief at all, and the plaintiff being dissatisfied with some of the conditions which the judgment imposes upon her.

The finding upon which the judgment rests, so far as the direction to reconvey is concerned, is in these words: "*Second.* That on the 17th day of December, 1896, the plaintiff signed, duly acknowledged and delivered a deed to the defendant of the land above described for a nominal consideration, and with the intention and purpose of enabling the defendant to raise money with which to make expenditures for the benefit of the plaintiff and relieving the land of charges against the same, and further that said conveyance was made to the defendant upon her declaration and agreement that the defendant would reconvey said land to the plaintiff."

This finding refers to an oral promise to reconvey. There is no pretense or suggestion in the evidence of any written promise. The finding, therefore, makes out nothing more than a case of the mere breach of an oral agreement for the conveyance of an interest in land, which courts of equity are not authorized to enforce. (*Wood v. Rabe*, 96 N. Y. 414; *Hutchinson* v. *Hutchinson*, 84 Hun, 482.)

It is true that there is testimony in this record which, if believed by the learned trial judge and made the basis of a proper finding of fact, might bring the case within the principle asserted in *Goldsmith* v. *Goldsmith* (145 N. Y. 313) in respect to the creation of an implied trust in real property by means of a parol agreement in regard to the disposition thereof, between persons standing in a confidential relation to one another. Indeed, the counsel for the defendant expressly concedes that the Statute of Frauds can be avoided where one person holds a relation of confidence and trust to another and takes advantage of that relationship, as a father to a child or a guardian to a ward, to obtain property under a parol agreement to reconvey. He insists, however, that this doctrine has no application to a relationship no more confidential than that between sisters-in-law of mature years. Yet it is to be borne in mind that the brother of the grantor here, toward whom she evidently entertained a warm sisterly affection, was the active agent of the grantee, his own wife, in bringing about the conveyance to the latter, and that if the testimony in behalf of the plaintiff is true, both he and his wife assured her that the property would be returned to her. I am by no means prepared to say that this evidence would not justify the court in holding that the property was acquired through the influence of a confidential relation, in such a manner as to entitle the plaintiff to relief under the doctrine of *Goldsmith* v. *Goldsmith* (*supra*) and similar cases. But the trouble is that we have in this record no finding on the subject. We do not know whether the learned trial judge believed or did not believe the testimony tending to show that Henry Bullenkamp was the real party in interest in the transaction and in participation with the defendant, got his sister, by reason of the confidential relationship between them, to deed the lots to his wife.

In the absence of a determination of this and similar questions suggested by the record, it is impossible for this court to hold that the plaintiff has shown herself entitled to prevail in the action. Hence, there must be a new trial, upon which, perhaps, she may present these issues in such a way as to have them decided. We ought to add, however, that if she had made out a case for a reconveyance, the court was not authorized to charge the land with anything more than the moneys expended by the defendant for interest

and taxes. The court at Special Term went so far as to make the granting of any relief to the plaintiff conditional upon her paying or securing the payment to Amelia Louis of the $1,050 loaned by that lady to Henry Bullenkamp under the circumstances already narrated. Mrs. Louis was not a party to this action, nor does it appear that she has ever made any claim of any kind against the property in suit. We know of no theory recognized in the law upon which the money obtained by Henry Bullenkamp from Mrs. Louis can be made a lien on this property, in the manner attempted in this judgment.

If the decree under review were correct in this respect, an outlawed note would be just as good security as a subsisting mortgage.

The judgment should be reversed and a new trial granted, costs to abide the final award of costs.

All concurred; CULLEN, J., in result.

Judgment reversed and new trial granted, costs to abide the final award of costs.