## BULLENKAMP v. BULLENKAMP.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. EQUITY—PAROL AGREEMENTS—ENFORCEMENT.

Equity will not enforce an oral agreement to convey land.

2. TRUSTS—CONFIDENTIAL RELATIONS—ENFORCEMENT.

In an action by a woman against her sister-in-law to enforce a parol agreement to reconvey land which plaintiff had deeded to defendant for a nominal consideration, and for a special purpose, there was evidence that defendant's husband (the brother of plaintiff), for whom plaintiff entertained a warm affection, was the active agent in bringing about the conveyance, and that both he and his wife assured plaintiff the property would be returned to her. *Held* that, if the evidence be true, the confidential relations of the parties make the refusal to reconvey a fraud on plaintiff, so as to impress a trust on the property which is enforceable notwithstanding the statute of frauds.

3. SAME.

A loan was made to plaintiff's brother to pay the balance for lots which, at the brother's instance, were conveyed to plaintiff, whom he procured to give a note to the lender. Plaintiff subsequently conveyed the lots to defendant's wife, and sued to enforce an agreement for a reconveyance. The note was outlawed. *Held*, that a judgment awarding a reconveyance, but on condition that plaintiff pay or secure loan, was erroneous, especially where the lender was not a party to the action, nor making any claim against the property; plaintiff being only liable to defendant for taxes and interest paid.

Appeal from special term, Kings county.

Action by Mary Bullenkamp against Annie Bullenkamp for a reconveyance of lands. From a judgment in favor of plaintiff, but imposing certain conditions to be complied with by plaintiff, both parties appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Cromwell G. Macy, for plaintiff.

Geo. Edwin Joseph (Alex. S. Bacon, on the brief), for defendant.

WILLARD BARTLETT, J. This is a curious case. In 1890, Henry Bullenkamp was engaged to be married to Amelie E. Louis, and he borrowed from her $1,050, to be applied to the purchase of the lots near Ocean Parkway, in Kings county, which are the subject of controversy in this action. At the instance of Henry Bullenkamp, the lots were conveyed by the vendor to the plaintiff, Mary Bullenkamp, Henry's sister; and, in order to assure to Mrs. Louis the repayment of the $1,050 thus loaned by her, Henry Bullenkamp pro-

cured the plaintiff, his sister, to execute and deliver to Mrs. Louis her promissory note for that amount. It may be stated here that this promissory note has never been paid, and has apparently become barred by the statute of limitations. Although he was engaged to Mrs. Louis for a number of years, Henry Bullenkamp did not marry her, but eventually became the husband of the lady who figures in this litigation as the defendant, Annie Bullenkamp, now his widow. In December, 1896, the plaintiff, having the legal title to the real estate in question, and the possession thereof, acquired through her brother in the manner which has been stated, conveyed the property, at his instance, to Annie Bullenkamp, the defendant (who had then become his wife), for a nominal consideration. The present suit is instituted by his sister, the grantor, to obtain a reconveyance of the lots. The learned court at special term has directed that the defendant reconvey the land in controversy to the plaintiff upon certain conditions, set out in the decree. Both parties have appealed, the defendant being dissatisfied that the plaintiff should have obtained any relief at all, and the plaintiff being dissatisfied with some of the conditions which the judgment imposes upon her. The finding upon which the judgment rests, so far as the direction to reconvey is concerned, is in these words:

"Second. That on the 17th day of December, 1896, the plaintiff signed, duly acknowledged, and delivered a deed to the defendant of the land above described for a nominal consideration, and with the intention and purpose of enabling the defendant to raise money with which to make expenditures for the benefit of the plaintiff and relieving the land of charges against the same; and, further, that said conveyance was made to the defendant upon her declaration and agreement that the defendant would reconvey said land to the plaintiff."

This finding refers to an oral promise to reconvey. There is no pretense or suggestion in the evidence of any written promise. The finding, therefore, makes out nothing more than a case of the mere breach of an oral agreement for the conveyance of an interest in land, which courts of equity are not authorized to enforce. Wood v. Rabe, 96 N. Y. 414; Hutchinson v. Hutchinson, 84 Hun, 482, 32 N. Y. Supp. 390. It is true that there is testimony in this record, which, if believed by the learned trial judge, and made the basis of a proper finding of fact, might bring the case within the principle asserted in Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067, in respect to the creation of an implied trust in real property by means of a parol agreement in regard to the disposition thereof between persons standing in a confidential relation to one another. Indeed, the counsel for the defendant expressly concedes that the statute of frauds can be avoided where one person holds a relation of confidence and trust with another, and takes advantage of that relationship—as a father to a child, or a guardian to a ward—to obtain property under a parol agreement to reconvey. He insists, however, that this doctrine has no application to a relationship no more confidential than that between sisters-in-law of mature years. Yet it is to be borne in mind that the brother of the grantor here, towards whom she evidently entertained a warm sisterly affection, was the active agent of the grantee, his own wife, in bringing about the conveyance to the

latter; and that, if the testimony in behalf of the plaintiff is true, both he and his wife assured her that the property would be returned to her. I am by no means prepared to say that this evidence would not justify the court in holding that the property was acquired through the influence of a confidential relation, in such a manner as to entitle the plaintiff to relief under the doctrine of Goldsmith v. Goldsmith, supra, and similar cases. But the trouble is that we have in this record no finding on the subject. We do not know whether the learned trial judge believed or did not believe the testimony tending to show that Henry Bullenkamp was the real party in interest in the transaction, and, in participation with the defendant, got his sister, by reason of the confidential relationship between them, to deed the lots to his wife. In the absence of a determination of this and similar questions suggested by the record, it is impossible for this court to hold that the plaintiff has shown herself entitled to prevail in the action. Hence there must be a new trial, upon which, perhaps, she may present these issues in such a way as to have them decided. We ought to add, however, that, if she had made out a case for a reconveyance, the court was not authorized to charge the land with anything more than the moneys expended by the defendant for interest and taxes. The court at special term went so far as to make the granting of any relief to the plaintiff conditional upon her paying or securing the payment to Amelie Louis of the $1,050 loaned by that lady to Henry Bullenkamp under the circumstances already narrated. Mrs. Louis was not a party to this action, nor does it appear that she has ever made any claim of any kind against the property in suit. We know of no theory recognized in the law upon which the money obtained by Henry Bullenkamp from Mrs. Louis can be made a lien on this property in the manner attempted in this judgment. If the decree under review were correct in this respect, an outlawed note would be just as good security as a subsisting mortgage.

The judgment should be reversed, and a new trial granted, costs to abide the final award of costs. All concur; CULLEN, J., in result.