(40 App. Div. 447.)

## AHRENS v. JONES.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

RESULTING TRUST—PROMISE TO PAY THIRD PERSON.

> A promise by the grantee of lands, made in consideration of the conveyance, to pay a certain sum of money to a third person, but without any undertaking or promise to apply any part of the proceeds of the lands in payment of such sum, is a mere personal obligation of the grantee, and does not create a trust in the premises in favor of such third person.
>
> Patterson, J., dissenting.

Appeal from special term, New York county.

Action by Edith M. Ahrens, by Annie H. Ahrens, her guardian ad litem, against Clara M. Jones. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

J. C. De La Mare, for appellant.
John R. Halsey, for respondent.

VAN BRUNT, P. J. This action was brought to enforce a vendor's lien. It is now sought to sustain the complaint as one for the enforcement of an alleged trust. The material facts alleged in the complaint are that one Harry Jones, late of the city of New York, on the 25th of February, 1897, being sick, and not expected to live, and being desirous of disposing of his property before he died, conveyed certain premises, known as "No. 417 Willis Avenue," in the city of New York, to the defendant, Clara M. Jones, his wife; that, at the time of the execution and delivery of said deed, it was expressly understood and

agreed between the parties thereto, and as a part of the consideration of the same, and as a condition upon which the same was executed, that the said Clara M. Jones should pay to the plaintiff and to one Price, grandchildren of said Harry Jones, each the sum of $1,000, which several sums the said defendant promised and agreed to pay to each of said grandchildren; that on the 27th of May, 1897, said Harry Jones died leaving him surviving his widow, the defendant, two children, Annie H. Ahrens and Rosetta Wylie, and two grandchildren, the children of said Annie H. Ahrens, Harry S. Price and the plaintiff, both under age; that since the death of said Harry Jones demand has been made upon the defendant to pay or secure to said plaintiff the said sum of $1,000; that the defendant has refused and neglected to pay or secure the same, and claims that she is under no obligation to fulfill her said promise; and that the defendant has no other property or means to pay said sum of $1,000 to the plaintiff; and judgment is demanded that said sum of $1,000 be declared to be a lien upon the premises conveyed to the defendant as part of the unpaid purchase money of said premises, that said premises be sold at public auction, and that out of the proceeds of said sale, after deducting costs and expenses, said sum of $1,000 be paid to the plaintiff or to her general guardian. The complaint also contains a general prayer for relief.

It is evident that this complaint was framed upon the theory that a vendor's lien may be established for that part of the purchase money which the defendant agreed to pay to the grandchildren of the grantor, and this seems to have been the claim which was presented in the court below. It is now sought, however, to sustain the complaint upon the ground that the acceptance by the defendant of the deed of the premises upon the conditions set forth created an implied trust in behalf of the grandchildren which equity will impress upon the property and enforce in that manner, and that the refusal of the defendant to perform the condition is a fraud which equity will not permit, and in support of that proposition various authorities are cited. But it will be found that none of them has any application to the case at bar, as there is no allegation or claim of any promise or undertaking upon the part of the defendant, at the time of the receipt of the conveyance, to apply any part of this particular property to the use or benefit of either of these grandchildren, one of whom is the plaintiff herein, and the other the plaintiff in a similar action.

In Re O'Hara, 95 N. Y. 403, there was a devise under a promise that the estate devised should be devoted to purposes which were prohibited by statute, and it was held that the devisee held this estate in trust for the representatives of the testatrix; the court basing its conclusion upon the fact that it would be a fraud upon the testatrix to allow this devisee to hold this property, which she never intended he should do. ₒ

In the case of Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067, the facts appeared that the mother of the parties to the action deeded certain premises to the defendant without consideration, in pursuance of a parol agreement on his part that he would hold the same for the benefit of the plaintiffs in common with himself, and would give them their shares in it. The plaintiffs were at that time minors. The

defendant sold the property, and, with a portion of the avails, purchased other property. Thereafter he repudiated the agreement, and claimed to be the absolute owner of the property. The court held that to allow the grantee to retain this property, to the exclusion of persons for whose benefit he held the same, would be a fraud upon the grantor, and that a trust might be implied which could properly be enforced to prevent and redress the attempted fraud. There there was a parol agreement to apply a portion of the property conveyed, entirely different from the case at bar.

In the case of Wood v. Rabe, 96 N. Y. 414, where a party acquired title to property which belonged to the plaintiff under a promise to hold the same as security for certain advances on behalf of the plaintiff, and to convey upon payment of such advances, it was held that, upon a refusal to convey on repayment, the parol agreement could be enforced; that it was upon a good and sufficient consideration; and that, as it appeared that the plaintiff was induced to acquiesce, not by the promise alone, but by it and the confidential relation which existed, conjoined, it could be enforced in equity, and the statute of frauds could not be invoked as a bar to recovery.

In the case of Wheeler v. Reynolds, 66 N. Y. 227, it was held that where a parol agreement, purporting to create a trust, is part of a scheme of fraud, or a party is fraudulently deprived of valuable rights or property by means thereof, the court will raise an implied trust, treating the person who perpetrated the fraud as a trustee ex maleficio.

The last case which it is necessary to notice is that of Colton v. Colton, 127 U. S. 300, 8 Sup. Ct. 1164, where the testator by his will devised to his wife all his real estate, and recommended to her care and protection his mother and sister, and requested her to make such provision for them as in her judgment was best. The court held that a trust was created by the will, and that it was sufficiently express to be capable of enforcement.

It is thus seen that, in every one of the cases cited, the courts have held that there has been either an open or a secret trust in respect to the property devised or conveyed, which the devisee or grantee of the land or property was bound to execute; and that if the trust was a secret trust, void under the statute, it would be a fraud to allow the devisee or grantee to hold the property relieved from the trust, but that it should go to the personal representatives of either the grantor or testator. In the case at bar the defendant did not agree to apply any portion of this property to the benefit of the grandchildren. All that she agreed to do was to pay to them certain sums of money. This was not a trust, but, if it was anything, it was a direct contract obligation, which, if enforceable at all, must be enforced in the way in which contract obligations are usually enforced.

The judgment should be affirmed, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below. All concur, except PATTERSON, J., dissenting.