### BULLENKAMP v. BULLENKAMP.

(Supreme Court, Appellate Division, Second Department. June 12, 1900.)

APPEAL—FINDINGS—CONCLUSIVENESS.
  A finding on conflicting evidence will not be disturbed.

Appeal from special term, Kings county.

Action by Mary Bullenkamp against Annie Bullenkamp for a reconveyance of realty. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edward Hymes (Michael Schaap, on the brief), for appellant.
Alexander S. Bacon, for respondent.

PER CURIAM. This case has already been twice reviewed in this court. Bullenkamp v. Bullenkamp, 34 App. Div. 193, 54 N. Y. Supp. 482; Id., 43 App. Div. 510, 60 N. Y. Supp. 84. Upon the first appeal we held that, at most, the findings of the trial court established only the breach of an oral agreement to reconvey land. Such an agreement not being enforceable in equity, we reversed the judgment, directing a reconveyance by the defendant, and sent the case back for a new trial, with an intimation that, upon the proof there to be adduced, the plaintiff might make out an implied trust in real property, under the doctrine of Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067, arising out of a parol agreement between parties occupying relations of peculiar confidence toward one another. Upon the second trial the plaintiff successfully invoked this doctrine, and again prevailed; but upon the second appeal we were of the opinion that there was no evidence in the record to sustain the finding at the special term to the effect that the conveyance was procured by the improper and controlling influence of the brother, acting upon the mind of the sister. The third trial has resulted in favor of the defendant, and the learned trial judge finds that there was no promise, either oral or written, to reconvey the property in controversy. This finding disposes of the case, as the evidence on the subject is conflicting, and there is enough to support the conclusion reached by the learned judge. So far as the other issues are concerned, the new evidence, which is brief and unimportant, contains nothing to change the views which were expressed in the opinion of Mr. Justice Hatch on the last appeal. It was designed to show that the claims against the property amounted to only $230.03 at the time of the conveyance, and that the court was therefore in error in supposing that these

were pressing demands which must be met to prevent the equity from being wiped out. There is other proof, however, which plainly indicates the existence of other demands already accrued or about to accrue, which rendered it necessary to resort to the land to raise money.

The judgment must be affirmed.

Judgment affirmed, with costs.

