(161 App. Div. 427)

## CASEY v. CASEY et al.

(Supreme Court, Appellate Division, Third Department.   March 4, 1914.)

1. TRUSTS (§ 35*)—GIFTS—CONDITIONS.
    One who accepts a gift upon promise to make certain disposition after the donor's death is deemed to hold such property in trust for the purpose of making such disposition.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 45–50; Dec. Di § 35.*]

2. PERPETUITIES (§ 6*)—SUSPENSION OF POWER OF ALIENATION.
    A trust of property to be held for the benefit of children of the maker of the trust who were sick, there being five children in addition to the trustee, is illegal as suspending the power of alienation for more than two lives.
    [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. § 6.*]

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 3*)—TRUSTS—FUTURE DEBTS.
    A gift of property in trust for the payment of funeral expenses and debts due at the death of the donor is not an assignment for the benefit of creditors, but is a valid trust.
    [Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 1, 9, 12, 13; Dec. Dig. § 3.*]

4. EXECUTORS AND ADMINISTRATORS (§ 45*)—WHAT ARE ASSETS?
    A gift of property in trust for certain purposes after the donor's death, although part of it is illegal, is not property of which the donor dies possessed, and the administrator is not entitled thereto.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 296, 307; Dec. Dig. § 45.*]

5. TRUSTS (§ 65*)—DEFECTS IN CREATION—IMPLIED TRUSTS—FRAUD.
    If there be any defect in the manner of the creation of a trust, one will be implied for the purpose of preventing fraud.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 94; Dec. Dig. § 65.*]

6. TRUSTS (§ 68*)—ILLEGAL TRUSTS—REVERSION—IMPLIED TRUSTS.
    Where a donor made a gift of property on the promise that it was to be used for a certain purpose after his death which was illegal, title reverts to the heirs of the donor, and there is an implied trust for the payment of the money to such heirs.
    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 94; Dec. Dig. § 68.*]

Appeal from Trial Term, Albany County.

Action by Thomas J. Casey against William H. Casey and others. Judgment for defendants, and plaintiff appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

H. C. Grupe, of Schenectady, for appellant.
William L. Visscher, of Albany, for respondents.

SMITH, P. J.   Upon January 26, 1911, John B. Casey died in the city of Albany.   He left surviving as his heirs at law and next of kin a son, William H. Casey; a daughter, Nellie L. Casey; plaintiff, Thomas J. Casey; and three other children.   Prior to his death, while he was in his last sickness, he gave to his son, William H. Casey, a sum of money amounting to about $1,300 or $1,400, under an agreement that

the said William H. Casey, after paying all the debts and funeral expenses of the said John B. Casey, would pay to the daughter, Nellie Casey, the sum of $500, and the balance he was to hold for any one of the children who should be sick. This plaintiff brought this action, alleging that the said moneys were given to the defendant to pay to Nellie Casey the sum of $500, and the balance to the next of kin, including the plaintiff. Upon the trial the complaint was dismissed, and from the judgment entered this appeal has been taken.

[1-5] It is settled law that one who accepts from a party a gift before death, upon promise to make certain disposition thereafter, is deemed to hold such property in trust for the purpose of making such disposition after the death of the testator. Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067. As far, therefore, as these trusts created were valid trusts, defendant is under obligation to execute them. The trust as to the sick benefits, that the defendant was to hold the balance of the property for the benefit of those of the children who were sick, is an illegal trust, as not depending upon lives. It would operate to suspend the power of alienation of the fund beyond the lives of two persons in being, contrary to the statute. The trust for the payment of debts and funeral expenses is not an assignment for the benefit of creditors. It does not appear that there were any debts at the time the assignment was made. The debts which were to be paid were not those then existing, but those that should exist after the death of the assignor. This was not property of which the deceased died possessed, and therefore the administrator was not entitled thereto. No reason is suggested why such a trust cannot be created, and if there be any defect in the manner of its creation the court will imply a trust for the purpose of preventing fraud, as was held in the Goldsmith Case, above cited. The trust for the payment to Nellie of $500 seems to be unquestioned.

[6] With the trust for the payment to the daughter established, and with the trust for the payment of debts and funeral expenses held valid, and the trust for the sick benefit held illegal, there should be found an implied trust for the payment of the balance to the next of kin of the assignor. This property was never intended to be given to the defendant for his personal use, and the invalidity of part of the trust for which it was given him will not operate to make effectual a gift which was never intended. To that extent the gift will be deemed to have failed, and the title revert to the assignor or to his next of kin, who are his representatives. No administration is necessary, because a valid trust has been created to accomplish all the purposes of administration. This action therefore is properly brought by one of the next of kin for the purpose of declaring the trust, as far as the same may be valid, and for an accounting and payment of the balance to the next of kin. The dismissal of the complaint was therefore erroneous, and the judgment must be reversed. Inasmuch, however, as the defendants have not presented their evidence, a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.