DAISY E. CANUTE, Plaintiff, *v.* BURDETTE A. MINER and Others, Defendants.

Supreme Court, Monroe County, July 9, 1930.

*MacFarlane & Harris*, for the plaintiff.

*Joseph H. Engel* [*Hampton H. Halsey* of counsel], for the defendants.

RODENBECK, J. The simple facts of this case are that the testatrix purchased the property in question in 1912 for $5,500, for which she paid $551 in cash, assumed a mortgage for $2,400 and gave back a purchase-money mortgage of $2,366. All that she had in the property, when the alleged agreement with the daughter was made, was $551. The sons had married and left their home, leaving the mother and this plaintiff to live on the property and get along as best they could. They kept lodgers, and mother and daughter contributed to the upkeep of the property. It was quite natural for the mother to hold out an inducement for the daughter to live with her and assist her. She promised to devise to her the property on her death, if she would give up her business of traveling saleslady, and would remain in the city and live with her. This was a normal thing for her to do and is a common experience in life, for parties situated as these parties were placed. The daughter lived with her mother for seventeen years, and remained unmarried. Although the property has enhanced in value, it should go to her,

under the agreement made by the mother with the daughter, which is established by abundant statements made by the mother in her lifetime.

The basis in law for this conclusion is the confidential relation existing between the mother and daughter, which excuses the non-observance of the statute in order to prevent a fraud upon the plaintiff, who relied upon the word of her mother. (*Gallagher* v. *Gallagher*, 135 App. Div. 457; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313; *Foreman* v. *Foreman*, 251 id. 237.) " The rule governing dealings between persons standing in fiduciary relations is applicable to parent and child, and courts carefully scrutinize them, to protect the latter against any undue advantage being taken by the former." (*Wood* v. *Rabe*, 96 N. Y. 414, 426.) Another ground for relief is the abundant performance of the agreement by the plaintiff, which takes the case out of the statute (Real Prop. Law, § 270).

The enforcement of the statute (Real Prop. Law, § 242) will not be decreed where such a course will operate to foster a fraud, which the statute was designed to prevent, and the " part performance " of the statute (Real Prop. Law, § 270) will be sufficient to move a court of equity to enforce the contract, where adequate relief cannot otherwise be given.

The contract is established beyond doubt, and the performance for seventeen years, which cannot be explained except upon the theory of the existence of the contract (*Burns* v. *McCormick*, 233 N. Y. 230), makes a good case in equity, considered together with the confidential relation of the parties, for equitable relief by specific performance.

It is equitable that the agreement should be carried out and the rules of equity are sufficiently elastic and humane to sanction and require such a course. " The law permits a person to dispose of his property at his pleasure. He may make a valid agreement binding himself to make a particular testamentary disposition of his property, if it be.a reasonable one, and he may validly renounce the power to revoke his will, in the absence of fraud or deceit. Equity will enforce such an agreement, when well and fairly founded, and will not suffer him to defraud and to defeat his obligation by another will." (*Edson* v. *Parsons*, 155 N. Y. 555, 567.)

The testatrix made an agreement to make such a disposition, upon which the plaintiff relied and which she performed, and the agreement should be enforced. (See *Winne* v. *Winne*, 166 N. Y. 263; *Thomas* v. *Hens*, 224 App. Div. 252.)

Judgment of specific performance granted, with costs.