Nicholas M. Pette, J.
Motion by the defendant for summary judgment dismissing the complaint upon the ground that the agreement on which plaintiff’s cause of action is predicated is unenforcible under the provisions of the Statute of Frauds.
The agreement alleged in the complaint is to the effect that defendant would purchase a dwelling and cause title thereto to be placed in the plaintiff’s name and pay the entire purchase price thereof including all monthly payments under the purchase-money bond and mortgage; that he would pay the entire balance due thereon upon demand, if he failed to meet said monthly payments and caused said bond and mortgage to be in default. Plaintiff claims that the defendant entered into a contract for the purchase of the premises, paid $2,100 on the execution thereof and assigned the contract to her immediately prior to the closing of title; that upon delivery of the deed to the plaintiff on or about December 15, 1954, defendant paid the balance of the purchase price then due amounting to $3,226.51 and executed and assumed the bond obligation in connection with the purchase-money mortgage for $14,000; that up to and including April, 1958, defendant gave to the plaintiff the money required to make 40 successive payments on said bond and mortgage, but failed and refused to make mortgage payments of $118.14 per month thereafter or to provide the plaintiff with the necessary funds for making such payments; and that consequently, under the aforesaid agreement, the balance of principal under said *806 bond and mortgage in the sum of $12,230.49 became due and payable to the plaintiff, with interest at the rate of 6% from April 1, 1958, for the recovery of which this action was instituted.
According to the plaintiff’s bill of particulars the agreement upon which she sues was oral and that the consideration therefor was the abandonment by plaintiff of her apartment in Brooklyn and moving, with her family, to the property which was purchased in reliance upon the defendant’s promise “ and his reasons that such moving would be of greater convenience and comfort to him.”
No useful purpose will be served by relating here the testimony of the parties as reflected in their respective examinations before trial inasmuch as the sole question presented is the enforcibility of the pleaded oral agreement with respect to which the'defendant has interposed the Statute of Frauds as a defense. There is no question that the defendant paid the $2,100 on account of the purchase price on the signing of the contract and the further sum of $3,226.51 on the closing. The defendant denies, however, that he executed the purchase-money bond and mortgage or that he made the oral agreement upon which the plaintiff relies; that while he gave her moneys in various amounts until on or about June 7,1958, it was not for the specific purpose of paying the installments on the bond and mortgage.
The court is of the opinion that the agreement relied upon by the plaintiff was entire and indivisible and that defendant’s performance of a part thereof does not have the effect of taking it out of the Statute of Frauds and thus rendering enforcible that portion wherein plaintiff claims that defendant promised to pay her on demand the entire unpaid balance due on the mortgage if he failed to pay the monthly installments, thereby causing the bond and mortgage to be in default. The entire agreement was originally unenforcible and it is no less so as to the unperformed portion thereof. (De Beerski v. Paige, 36 N. Y. 537, 539; George v. Dobson, 261 App. Div. 447, affd. 287 N. Y. 675.) This “ is not a case of fraud. No confidential relation has been abused (Goldsmith v. Goldsmith, 145 N. Y. 313; Wood v. Rabe, 96 N. Y. 414). No inducement has been offered with the preconceived intention that it would later be ignored * * *. The most that can be said against * * * [the defendant] is that he made a promise which the law did not compel him to keep, and that afterwards he failed to keep it ”. (Burns v. McCormick, 233 N. Y. 230, 235.)
The motion is accordingly granted and the complaint is dismissed.
Submit order.